# MAY 7, 1941

CRUZE CHAVEREA V. THE STATE.

No. 21484. Delivered March 26, 1941.
Rehearing Denied May 7, 1941.

The opinion states the case.

*Robert D. Peterson,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

HAWKINS, Presiding Judge.

Conviction is for murder; punishment assessed at two years in the penitentiary.

Deceased was shot at a dance given by one Guererro. A number of invited guests attended the dance and some attended who had not been invited. Some of the guests became intoxicated. A fight ensued. The facts are confusing and it is difficult to determine therefrom who started the fight, or why. The State's evidence justified a more severe penalty than the jury assessed. Appellant claimed to have acted in defense of himself and brothers. If the jury had accepted the version of appellant and his witnesses a verdict of acquittal would have resulted. The jury settled the issues of fact in favor of the State.

It was alleged in the indictment that the name of the person killed was Joe Rodrequez. Appellant raised the question that such was not the name of deceased and sought on that ground to have the court charge the jury to return a verdict of not guilty.

We observe that in the statement of facts, whenever reference is made to deceased, his name appears as Joe Rodriquez or Joe Rodrequez. Of course, we have no way of knowing how the witnesses, most of whom were Mexicans, pronounced the

name but presumptively the court reporter wrote it as it sounded to him in English. It is certified in Bill of Exception No. 2 that three Mexican witnesses testified that the name of deceased was Jose or Joe Rodrigues, and one of them wrote it as "Rodriges." We note from the statement of facts that the one who spelled it as last shown, after so spelling it, said, "I call that a Q. As to whether or not there is another way to spell it, I don't know—I just use a Q or a G whatever you call it." It is certified in the same bill that a lady witness was a graduate of Columbia University and had done her major college work there in French and her minor work in Spanish, and had taken three months in Spanish in the University of Madrid, and had taught Spanish in the High School at Mineola, Long Island, New York. She testified that "Rodrequez" would be pronounced in Spanish "Roh-dray-kess" and that "Rodriguez" would in Spanish be pronounced "Roh-dre-guess." She further testified, "I would not call it Rodriquez in English. As to whether or not I could read it off, well, in English it might be. In that case, even in English, I would give the Q the sound of the letter K and it would not be the sound of G."

The court declined to give the premptory charge requested but did instruct the jury that if they believed from the evidence that deceased was not commonly known by the name of Joe Rodriquez to acquit appellant. The rule of idem sonans is stated as follows in Branch's Ann. Texas P. C., sec. 22, page 11:

"If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, or if the name as stated be idem sonans with the true name, the variance and misspelling is immaterial."

And in 30 Tex. Jur., page 602, it is said:
"This phrase means 'of the same sound,' and names are idem sonans if the attentive ear finds difficulty in distinguishing them when pronounced, or if common and long-continued usage has made them identical in pronunciation, irrespective of the rules of orthography. In other words, identity of sound is regarded as a surer method of measuring the similarity of names than identity of spelling, and so long as the names can be sounded alike 'without doing violence to the power of the letters,' any variation in orthography is immaterial, provided the misspelling does not transform the name into a wholly distinct appellation."

Some sixteen or seventeen witnesses of the Mexican Race testified upon the trial. The court and jury heard them pro-

nounce the name of deceased. We conclude that, regardless of the correct way deceased's name should have been spelled, that in ordinary speech with the accent on the second syllable the names sounded the same. Had the jury found otherwise, presumably they would have followed the court's instruction and returned a verdict of not guilty.

It follows from what we have said that we think the court committed no error in declining to give the charge requested.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again insists in his motion that the doctrine of idem sonans can not be correctly applied to the different methods of spelling the name of the injured party as set out in the indictment.

We adhere to the expressions in the original opinion holding that under the doctrine of idem sonans the allegation and proof are in correspondence, and the motion is therefore overruled.