MACK GARLINGTON v. THE STATE.

No. 21532. Delivered April 2, 1941.
Rehearing Denied May 7, 1941.

The opinion states the case.

*Minton & Minton,* of Hemphill, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

GRAVES, Judge.

Appellant was charged with privately taking from the person of Jim Folley $100.00 in money, and under the verdict of the jury he was sentenced to serve two years in the penitentiary.

The testimony shows beyond controversy that the person who was thus deprived of his money was named Jim Foely and not Jim Folley. Proper motions were made and objections offered, and exceptions reserved to the failure of the allegation and proof to correspond. We are not impressed with the contention that Foely and Folley sound the same. We do not think the doctrine of idem sonans can be applied to these two names to such an extent that we can say that they sound the same.

To the same effect are bills Nos. 1, 2, 3 and 4, all of which evidence error, in our opinion, because of the failure of the allegation and proof to correspond.

Bill No. 5 relates to a voluntary return of $70.00 to Jim Foely by appellant and the admission of certain testimony relative to such return of this money. If such amount was returned to Foely, and same was all the money and the same money taken from Foely by appellant, and if the jury should find that same was voluntarily returned within a reasonable time and before prosecution was begun, then the appellant would only be subject to a pecuniary fine. See Art. 1424, P. C.; Bird v. State, 16 Texas Ct. App. 528; also authorities under Art. 1424, supra, Vernon's Ann. P. C., Vol. 3.

By the term "prosecution is begun," we think is meant the filing of a complaint or indictment charging the offense of theft of the money. See Words & Phrases, 2d Series, Vol. 1, p. 419.

Believing that Foely and Folley are not idem sonans, this

judgment is reversed and the cause remanded.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

The State has filed a motion for rehearing in which it seriously contends that we erred in holding that the names of "Foely" and "Folley" not to be idem sonans. If the names, when pronounced, sound alike, then the State's contention is correct; if not, then its contention cannot be sustained. If we split the names as if they were composed of two syllables, then we perceive more readily the difference in the sound, namely: "Foe-ly" has the sound of a long "o" as in "foe" and "hoe," while "Fol-ley" has the sound of the short "o" as in "holly" and "dolly." Consequently the names are not idem sonans. Names are descriptive of persons for identification and must be proved as charged.

The State contends our original opinion in this case is in conflict with the decision of this court in the case of Brady v. State, 122 Texas Cr. R. 279, 55 S. W. (2d) 104. We do not think so because in that case the name was evidently not an English name and we were not advised as to whether the name "Balcon," as charged in the indictment, and his true name "Baucom," although spelled differently, were pronounced alike. The trial court heard the names pronounced and concluded that they sounded alike and were idem sonans, while in the instant case, we know that the names, when pronounced, do not sound alike.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.