## R. R. (BILL) LOVEN V. THE STATE.

No. 22359. Delivered January 13, 1943.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful possession of beer for the purpose of sale in a dry area is the offense; the punishment, a fine of $100.00.

Peace officers, upon searching appellant's residence, found therein a sufficient quantity of beer and under such circumstances as would warrant the conclusion that same was possessed for the purpose of sale. Appellant and his wife were present and at home at the time of the search. The search was made by virtue of a search warrant.

The sole question presented for review is whether the search warrant was valid. The attack thereon rests in a claimed variance between the name of the owner of the premises desired to be searched as set forth in the affidavit and the name of the owner of the premises authorized to be searched by the search warrant. In the affidavit, the ownership and premises are described as follows: "A certain private dwelling located in Taylor County, Texas, described as (a) a small two room frame dwelling located in the back yard of a residence located at No. 1210 Cottonwood Street, in Abilene, Taylor County, Texas, together with all automobiles, out buildings and *premesis* pertaining thereto and being the premises of and occupied by Bill Leven — — — —."

In the search warrant, the description is as follows: "— — — — — — — a certain place in Taylor County, Texas, described as a small two room frame residence located in the back yard of a residence located at No. 1210 Cottonwood street in Abilene, Taylor County, Texas, together with all automobiles, outbuildings and *premesis* pertaining thereto and being the premises of and occupied by Bill Loven — — — —."

The difference in the two descriptions rests in the fact that, in the affidavit, the owner and occupant of the premises is stated to be "Bill Leven," whereas, in the search warrant, the owner and occupant of the premises authorized to be searched is stated to be "Bill Loven." Does this constitute a variance? Are the names "Leven" and "Loven" idem sonans?

Much has been said relative to the doctrine of idem sonans. The term means "sounding the same." The doctrine is a product of the courts, brought about by the orthography, pronunciation, and variant spelling of proper names. The use of a name is merely to designate the person intended; and that object is fully accomplished when the name given him has the same sound as his true name. The test is whether the two names sound the same (38 Am. Jur., p. 612, Sec. 36); and, by reason thereof, adjudicated cases determining that certain names are or are not idem sonans apply only to the particular instance. However, one of the latest expressions from this court on this subject is that of Garlington v. State, 141 Tex. Cr. R. 595, 150 S. W. (2d) 253, wherein we held that the names "Foely" and "Folley" were not idem sonans.

In the instant case, the variance in the spelling of the two names rests, alone, in the use of the vowels "e" and "o." We are unable to reach the conclusion that any method of pronunciation can be employed whereby the name "Leven" could or would have the same sound as that of "Loven," or vice versa. It follows that the two names are not idem sonans, and that a variance does in fact exist between the name of the occupant of the premises as set forth in the affidavit and that shown in the search warrant.

The question remaining, then, is whether such variance vitiates the search warrant, in view of the fact that the premises to be searched, especially as to its location, is the same.

As to this question, there is no room for speculation, for it is controlled by statute in this state (Art. 666-20, P. C., and Arts. 312 and 316, C. C. P.). Art. 666-20, P. C., relates to search and seizure for intoxicating liquors, and embodies the provisions of Title 6 of the Code of Criminal Procedure in so far as applicable. Arts. 312 and 316, C. C. P., and a part of said Title 6, C. C. P., require, among other things, that the name of the person having charge of the premises to be searched, if known, must be stated both in the affidavit and in the search warrant. Giving effect to the mandate of these statutes, this court has held that the name of the person having charge of the premises to be searched as stated in the affidavit and that stated in the search warrant must correspond. Balch v. State, 134 Tex. Cr. R. 327, 115 S. W. (2d) 676; McTyre v. State, 113 Tex. Cr. R. 31, 19 S. W. (2d) 49. See also Cornelius on Search and Seizure, p. 320, Sec. 118; and 38 Tex. Jur., p. 55, Sec. 32.

From what has been said, it follows that the variance between the affidavit and search warrant, as pointed out, vitiates the warrant.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.