MICHAEL PEDROSA V. STATE.

No. 24886. June 21, 1950.
State's Motion for Rehearing Denied October 11, 1950.

*Irwin & Irwin,* by *Robert C. Benavides,* Dallas, for appellant.

*Will R. Wilson, Jr.,* District Attorney; *Charles S. Potts* and

*W. B. Henley,* Assistants District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for rape, with punishment assessed at twenty years in the penitentiary.

Appellant claims a variance between the allegation of the indictment and the proof as to the name of the prosecutrix.

The indictment alleged that the rape was committed upon "Seanda Acosta." The conviction rests upon testimony showing that appellant raped "Senaida Acosta."

Senaida Acosta testified that she had never been known as or called by the name, "Seanda" Acosta; she testified that she never heard the name, "Seanda," until she heard it used in the court room upon the trial of the case.

This conviction, therefore, must stand upon the proposition that proof showing appellant raped Senaida Acosta is sufficient to meet the allegations of the indictment which alleged and charged that he raped "Seanda Acosta."

It is apparent, then, that the state's case depends upon the doctrine of idem sonans, which means that names are the same which have the same sound or sound the same.

In the case of Chaverea v. State, 141 Tex. Cr. R. 592, 150 S. W. 2d 241, we restated the rule governing the doctrine of idem sonans, as follows:

"The rule of idem sonans is stated as follows in Branch's Ann. Tex. P. C., sec. 22, page 11: 'If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, or if the name as stated be idem sonans with the true name, the variance and misspelling is immaterial.' And in 30 Tex. Jur., page 602, it is said: 'This phrase means "of the same sound," and names are idem sonans if the attentive ear finds difficulty in distinguishing them when pronounced, or if common and long-continued usage has made them identical in pronunciation, irrespective of the rules of orthography. In other words, identity of sound is regarded as a surer method of measuring the similarity of names than identity of spelling, and so long as the names can be sounded alike "without doing violence to the power of the letters," any variation

in orthography is immaterial, provided the misspelling does not transform the name into a wholly distinct appellation.' "

See, also, Loven v. State, 145 Tex. Cr. R. 260, 167 S. W. 2d 515.

In support of his contention that the names, "Seanda" and "Senaida," are not and cannot be within the idem sonans rule, appellant, upon motion for new trial, introduced the testimony of the witness Guillermo A. Walls. As a predicate for the testimony, the qualifications of the witness were as follows:

"My name is G. A. Walls, first name is Guillermo, I live in Dallas, 3104 Maple Avenue, in the City of Dallas, Texas, I am manager of the Mexican Confederation of Chambers of Commerce in the United States, before that I was a minister of the gospel for about thirty years, before that, or in connection with my duties I was a teacher in schools in the state of Virginia and Mexico. In English training, I am a graduate of Texas Christian University, B. A. and Bachelor of Religious Education at Presbyterian Seminary at Austin, Austin Theological Seminiary, also Doctor of Religious Education from Southwestern Theological Seminary at Fort Worth. I hold two degrees, I do not hold one from Mexico except that of professor; I received those degrees from American schools I mentioned, and in studying for those degrees I had occasion to study the Spanish language, and have taught the Spanish language, in Mexico two years and in the state of Virginia two, four in all, I speak Spanish and a little bit of English, am familiar with both languages, I would say."

In effect, the testimony of this witness, after analyzing the construction of the two names in detail, was that neither in English nor Spanish could the two names, Seanda and Senaida, be pronounced so as to sound alike.

The state did not offer any testimony contradictory to that of the witness Walls.

We are constrained to agree with the appellant that the two names are not the same under the idem sonans doctrine but are at variance one with the other. As directly supporting this conclusion, we refer to Garlington v. State, 141 Tex. Cr. R. 595, 150 S. W. 2d 253, and Loven v. State, supra.

The state insists that, though the names Seanda and Senaida

are different, appellant was not misled or prejudiced thereby and should not be heard to complain. In other words, it appears to be the state's position that if appellant knew the state intended to name Senaida Acosta as the prosecutrix rather than Seanda Acosta, as it did, appellant should not be heard to challenge the variance between the allegation and the proof.

As supporting its contention, the state relies upon the rule that the doctrine of idem sonans has been much enlarged by modern decisions to conform to the growing rules that a variance must be such a one as has, to his prejudice, misled a party. Jones v. State, 115 Tex. Cr. R. 418, 27 S. W. 2d 653; 30 Tex. Jur., Names, Sec. 15, p. 603.

In support of its contention of noninjury to appellant by the variance in the two names, the state calls attention to the fact that appellant, upon cross-examination, testified that he knew and understood he was being tried for rape upon Senaida Acosta.

Appellant did not testify that he knew that "Seanda" Acosta was intended to be "Senaida" Acosta.

The rule of injury seems to apply in determining whether the names are idem sonans. When the conclusion is reached that the two names are not idem sonans, the variance is fatal. Moreover, to authorize a conviction for rape upon one person entirely different from the person named in the indictment would be to destroy all the law requiring reasonable notice in an indictment as to the offense charged against an accused.

When the grand jury investigated the crime for which appellant has been here convicted, they had ample opportunity of ascertaining the true name of the prosecutrix. It is a reasonable presumption that the witness was before the grand jury and testified prior to the return of the indictment. The exercise of the least diligence would have revealed her name. If the grand jury was unable to ascertain the name of the prosecutrix, the law makes specific provision authorizing that the name of the prosecutrix be alleged as unknown. The state was under the burden of stating the name of the prosecutrix or of alleging that her name was unknown.

As we have construed the record in this case, appellant has been convicted of rape upon another and different person than

the person named in the indictment. Under the established rules of law, we cannot permit such a conviction to stand.

Because of the variance between the allegation of the indictment and the proof, the judgment is reversed and the cause remanded.

Opinion approved by the court.

ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

The state again insists that the given name of the injured party herein and the name set forth in the indictment sound the same, and under the doctrine of idem sonans, Seanda and Senaida sound the same.

Again, we are cited to authorities wherein it is shown that the failure to show injury upon the part of one accused of the offense should be given some weight as to his being misled concerning the identity of such person named in the indictment. While such doctrine finds support in isolated cases, its purport can be allowed to function only in the determination of whether the two names sound the same; otherwise the name itself would become immaterial if a showing be made as to the accused not having been misled. The fact that the accused knew that the presented witness, regardless of name, was the one for whom he was being tried for injuries, then the name of such person would be immaterial, and any name could have been alleged in the indictment; but knowledge of the identity could be substituted for the rule requiring the allegation and proof to correspond. The doctrine of injury might have some weight in determining the sound of the name, but could not destroy the doctrine of idem sonans itself.

We remain of the opinion that the names do not sound the same. Therefore, the motion will be overruled.