MINNIE DUQUE V. STATE

No. 28,656. January 23, 1957.

*Burks & Brown,* by *Clifford W. Brown,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the unlawful possession of beer for the purpose of sale in a dry area, with punishment assessed at sixty days' confinement in jail and a fine of $300.

The conviction rests upon the validity of the search warrant under and by virtue of which the residence of appellant was searched and the beer found therein.

The complaint upon which the search warrant was based sought, upon its face, a search warrant to search the private dwelling "occupied by, in charge of and under the control of Mrs. Antonio Duque."

Mrs. Antonio Duque is the appellant in this case.

In a bill of exception complaining of the receipt in evidence of the beer found as a result of the search of appellant's residence because the search warrant was of no force and effect, the trial court certifies that had appellant been permitted she could have proven "that the search warrant was originally issued to search premises under the control of Antonio Duque, but was altered after its issuance by writing in 'Mrs.' before the name Antonio Duque so as to thereby make the affidavit and warrant to refer to 'Mrs. Antonio Duque' instead of 'Antonio Duque' as originally drawn."

Under such certificate, then, appellant could have shown a variance between the complaint and the search warrant, in that the complaint sought a search warrant to search the residence of one person while the warrant issued upon that complaint authorized the search of the residence of another.

Such variance is fatal to the validity of the search warrant. The name of the person stated in the complaint and that in the warrant must correspond. Loven v. State, 145 Texas Cr. Rep. 260, 167 S.W. 2d. 515.

The trial court should have permitted appellant to show the invalidity of the search warrant in the respect mentioned.

The judgment is reversed and the cause is remanded.