Gonzalo **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee,

No. 35000.

Court of Criminal Appeals of Texas.

Nov. 21, 1962.

Rehearing Denied Jan. 16, 1963.

Thos. A. Dent, Galveston, for appellant.

Jules Damiani, Dist. Atty., Galveston, and Leon B. Douglas, State's Atty., Austin, for State.

WOODLEY, Presiding Judge.

The offense is the unlawful possession of marihuana; the punishment, 25 years.

The evidence introduced by the state shows that officers, under authority of a search warrant, entered appellant's home where they found 143 grams of ground-up marihuana in a coffee jar; 190 grams of marihuana in a paper sack and four cigarettes containing marihuana. Appellant's confession was introduced in which he admitted possessing the marihuana.

■ The first ground for reversal appears to be upon the erroneous theory that the confession introduced in evidence was not attached to the statement of facts pre-

pared by the court reporter on order of the court upon appellant's affidavit of inability to pay for such. The confession marked State's Exhibit 4, referred to in the statement of facts agreed to by counsel for appellant and counsel for the state and approved by the court is before us, attached to such statement of facts. If appellant's complaint be that the confession was not copied into the statement of facts we find no merit in such complaint.

Appellant's remaining grounds for reversal relate to the search warrant and the admissibility of the evidence obtained as a result of the search thereunder.

Art. 316(4) C.C.P. provides that a search warrant name the person in charge of the suspected place and if his name is unknown, that it describe him with accuracy and direct that he be brought before the magistrate.

The search warrant described the premises to be searched as being the premises and living quarters of Gonzalo Rodri*QUIZ* occupied by Gonzalo Rodri*QUIZ*.

A motion was filed by appellant seeking to quash the indictment and the search warrant because of the variance in the surname Rodri*QUIZ* in the search warrant and Rodri*GUEZ*, the name of appellant under which he was indicted. A copy of the search warrant was attached to the motion.

In support of such motion appellant called Justice of the Peace G. P. Reddell as a witness who identified the search warrant and it was introduced in evidence. Appellant then called as a witness R. R. Cardenas who testified that he lived in Galveston and was an Honorary Consul of Mexico; that he spoke Spanish and had served as interpreter in the courts at Galveston many times. He spelled and pronounced the names Gonzalo Rodri*QUIZ* and Gonzalo Rodri*GUEZ* upon request of appellant's counsel and was asked and answered:

"Q. Now are those the same name? Rodri*QUIZ* and Rodri*GUEZ*?

"A. I don't think so. * * * I never see the second name before. * * * The first name is very common."

When the state offered testimony as to the search of appellant's home before the jury, the search warrant was produced and identified in the jury's absence, and over objection pointing out the variance in the spelling of the surname, the state was permitted to introduce testimony relating to the search, and the marihuana found in such search.

The state's position is that the variance in the spelling of the name Rodri*QUIZ* and Rodri*GUEZ* is not material under the doctrine of "Idem Sonans."

The trial court appears to have agreed with the state for, after hearing the names pronounced by appellant's witness, he overruled appellant's motion and objection and admitted the evidence relating to the search.

We do not deem it necessary to cite or discuss the many cases dealing with the doctrine of idem sonans.

Idem sonans means sounding the same. Loven v. State, 145 Tex.Cr.R. 260, 167 S.W.2d 515.

If the attentive ear finds difficulty in distinguishing them when pronounced, names are idem sonans. Identity of sound is regarded as a surer method of measuring similarity of names than identity of spelling. Pedrosa v. State, 155 Tex.Cr.R. 155, 232 S.W.2d 733.

As to foreign names, it has been held that where evidence is offered on the issue, the question of the application of the doctrine of idem sonans will be determined by such evidence, rather than by the rules of English pronunciation. Hernandez v. State, 53 Tex.Cr.R. 468, 110 S.W. 753.

The record indicates that the state's objection as to the spelling of the name in the affidavit before the jury was sustained.

It has been held that when the question of idem sonans arises at the trial it is a

fact for the jury to decide under proper instruction of the court. Jones v. State, 115 Tex.Cr.R. 418, 27 S.W.2d 653.

Be this as it may, there is no showing that appellant sought to have any witness pronounce either of the two names in question before the jury, or that any witness was asked before the jury or would have testified that there was a difference *in the sound* of the names when pronounced.

Under the record we find no error in the admission of evidence obtained as a result of the search under the warrant.

The judgment is affirmed.