Borden Franklin FOWLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 36781.

Court of Criminal Appeals of Texas.

April 29, 1964.

Rehearing Denied June 10, 1964.

346

Brown & Shuman, by Clifford W. Brown, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Roy B. Johnson, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is failure to stop and render aid; the punishment, one year in jail and a fine of $1,000.00.

The testimony of Lorine Jones, the injured party, and witness for the state reflects that she was a passenger in a 1959 Dodge automobile belonging to Rufus J. Wallings-

ford, her brother-in-law. A collision occurred at the intersection of 19th and Texas in Lubbock, Texas. The car in which the injured party was riding was struck on the right-hand side from the door up toward the hood. Mrs. Jones was in a daze immediately following the accident and came to, or waked up, in the hospital where she remained five or six days. She had sustained injuries to her side and head, but no bones had been broken. The injured party further testified that she was treated by Dr. Bridwell and that she wears glasses now but did not prior to the accident in question.

Rufus Wallingsford testified that he was driving the 1959 Dodge with Lorine Jones as a passenger when the accident occurred; that the car that struck him was a De Soto, probably a '54 or '55, grayish in color, with a De Soto emblem on the back. Witness Wallingsford further testified that the car that struck them did not stop but went on by and he could not see who was driving as it was dark. On cross-examination he (Wallingsford) testified that he did not know the license number of the model of the De Soto which struck him and that Mrs. Jones complained of her back and hip, was in pain and shock, but was not unconscious after the accident.

James Edward Jones, the 14 year old son of the injured party, was an occupant of the Dodge when the accident occurred. His testimony concerning the accident coincided with that of Lorine Jones and Rufus Wallingsford. He testified that he thought the car which struck them was a De Soto and that it did not stop to see if anyone was injured or take his mother to the hospital.

Lonnie Foote, a police officer for the city of Lubbock, testified that he was called to investigate the accident and upon arriving, only one car was present at the scene, it having damage on the right front side up toward the front.

Upon an investigation of the accident, a '53 green De Soto was found in the 2800 block of Avenue H in a parking lot, some 10

blocks from the scene of the accident. Three men were seen by the De Soto, one being the appellant, trying to pull the left front fender off the wheel, using a board.

Through Officer Foote's testimony we see that he located appellant's car some 25 minutes after the accident occurred. When Officer Foote walked up to appellant's car, appellant stated: "We are trying to get the fender pulled out so we can go back to the scene of the wreck." Officer Foote then asked who owned the car and who was driving it to which appellant stated that it was his car and he was driving it.

It should be noted at this point that the testimony of Officer Foote concerning appellant's statement that he (appellant) was the driver and owner of the De Soto was objected to as inadmissible both as not being part of the res gestae and also as a statement made after appellant was under arrest.

It was stipulated that Lorine Jones was a passenger in the automobile in question and was injured and if a doctor were called, he would testify to her injuries.

Appellant contends that the above evidence is insufficient to support the verdict of the jury. In discussing this question we must first consider whether the testimony of Officer Foote, concerning statements made by appellant to the effect that it was his car and he was driving it, was admissible.

■ It is well settled that no single rigid principle governs the admissibility of evidence as res gestae. 24 Tex.Jur., Sec. 581. To be admissible as res gestae, statements or declarations must be substantially contemporaneous with the principal fact or transaction although they need not be precisely contemporaneous with it. 24 Tex.Jur. 585. The time element, however, is not the controlling factor insofar as admissibility of the evidence is concerned. The controlling factor being spontaneity or whether the statement made was instinctive. In other words, the statement or declaration must have been made under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection.

In Phillips v. State, 137 Tex.Cr.R. 206, 128 S.W.2d 393, appellant shot the deceased and walked several blocks to the Sheriff's Office where she stated that she had come to give herself up and that she, "shot Charley". She went on to tell about a quarrel and the subsequent shooting. The statements were held to be admissible notwithstanding the fact that she was probably under arrest.

In Howell v. State, 171 Tex.Cr.R. 545, 352 S.W.2d 110, when the arresting officer arrived at the scene of the accident, appellant was seated in his automobile. Appellant, at the officer's request, produced his drivers license. While the officer was questioning the owner of the panel truck, appellant left the scene on foot. The officer then left the scene in an attempt to find the appellant but being unable to do so returned to the scene where he saw appellant lying down in some grass. The officer's testimony that when he went to appellant and asked him to get up appellant "giggled" and said, "You know I'm pretty drunk," was admitted as res gestae in spite of the time which must have elapsed between the officer's first arrival and the statement and in spite of the fact that appellant was probably under arrest.

■ In the instant case appellant's statement was made at a time when he was still attempting either to leave the scene of the accident or return to it, and when he was first discovered with an automobile which had been involved in the accident. We feel the statement attributed to him by Officer Foote was properly admitted as res gestae under the above cases. See also Cline v. State, 163 Tex.Cr.R. 141, 289 S.W.2d 291. It should further be pointed out in this regard that in Leahy v. State, 111 Tex.Cr.R. 570, 13 S.W.2d 874, the rule was stated. The rule is that the appellate court "will presume that any statements testified to were made at a time and place and under circumstances which render them admissible." In the light of our conclusion

that the statements by appellant, that it was his car and he was driving it, were properly admitted and the further circumstance connecting his automobile with the collision, i. e., the identification of the model and make of appellant's automobile, the location of the damage on his car, the fact that it was the only accident investigated in the area by Officer Foote, and the proximity of appellant's car to the point of collision, we conclude the evidence is sufficient to support the jury's verdict.

■■ Appellant next contends that there is a fatal variance between the allegations in the indictment and the proof relative to the name of the injured party. The indictment alleged in part that the injured party was *Loraine* Jones. During the course of the trial it was discovered and shown that the injured party's name was actually Lorine Jones. The court, in its charge to the jury, directed them to find appellant not guilty unless they believed that the names, "Usually are or can be pronounced the same or are usually pronounced in such a way that the names are indistinguishable." In Rodriquez v. State, Tex.Cr.App., 363 S.W. 2d 472, this court speaking through Judge Woodley stated, "It has been held that when the question of idem sonans arises at the trial it is a fact for the jury to decide under proper instruction of the court." See also, Weitzel v. State, 28 Tex.App. 523, 13 S.W. 864 and Jones v. State, 115 Tex.Cr.R. 418, 27 S.W.2d 653. The court so charged the jury in the instant case and having been so charged the jury's verdict reflects its belief that the names are indistinguishable. We are not constrained to overturn a verdict of the jury which was present and heard the pronunciation of the names in question by the parties involved, it being well settled that the sound, not the spelling of the name, is controlling. Pedrosa v. State, 155 Tex. Cr.R. 155, 232 S W.2d 733; Jones v. State

and Rodriquez v. State, supra. It should be pointed out further in this regard that it was agreed and stipulated "that *Lorine* Jones, the lady who was a passenger in this automobile, was injured in this automobile and if a doctor were called, he would testify to that effect." No objection to the charge as given, or requested charge, appears in the transcript. Thus following our decisions under Art. 666 of Vernon's Ann.C.C.P., we conclude appellant's further complaint to the charge in this regard is without merit.

■ Appellant's further contention is that the indictment is fundamentally defective and insufficient to charge an offense as there is no offense of failure to stop and render aid by that name in the State of Texas. The indictment alleges in part as follows; that " * * * Borden Franklin Fowler did then and there unlawfully fail to stop and render aid to the said Loraine Jones, the person occupying said motor vehicle and injured as aforesaid, all necessary assistance in this, * * *." The appellant insists that the insertion of the word "aid" after the term "unlawfully failed to stop and render," renders the indictment fatally defective. With this contention we cannot agree. In the absence of the insertion of the word "aid," the instant indictment has been approved repeatedly by this court and can be found in Texas Practice, Criminal Forms, Vol. 7, Sec. 1480. We further observe that the indictment correctly tracks Art. 1150 of Vernon's Ann. Penal Code in all things pertinent to a statement of the offense and feel the appellant was clearly informed of the charge against him. If anything, the above insertion can be considered as mere surplusage. Morgan v. State, 145 Tex.Cr.R. 276, 167 S.W.2d 765.

Finding each of appellant's contentions to be without merit, and no reversible error appearing; the evidence being sufficient to sustain the verdict, the judgment is affirmed.