**Affirm and Opinion Filed July 3, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00647-CR

**STACY EUGENE ERVIN, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80634-2012**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Francis

Stacy Eugene Ervin appeals his convictions for sexual assault of a child, two counts of indecency with a child by contact, and indecency with a child by exposure. After the jury found appellant guilty, the trial court assessed punishment, enhanced by a prior felony conviction of sexual assault of a child, at twenty years in prison for the indecency by exposure and life for the remaining three offenses. In two issues, appellant claims insufficient evidence supports his convictions and the trial court erred by allowing certain evidence. We affirm.

In his second issue, appellant contends the evidence is legally insufficient to support his convictions. When assessing whether the evidence is legally sufficient to support a conviction, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury, as sole judge of the witnesses' credibility and the weight to be given their testimony, is free to accept or reject any and all evidence presented by either side. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The duty of the reviewing court is to ensure the evidence presented supports the jury's verdict and that the State has presented a legally sufficient case of the offenses charged. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

A person commits sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of a child younger than 17 years of age by any means. *See* TEX. PENAL CODE ANN. §§ 22.011(a)(2)(A), (c)(1) (West 2011). The State's indictment in count III alleged appellant intentionally and knowingly caused the penetration of the N.O.'s female sexual organ by appellant's finger. The testimony of a child victim alone is sufficient to support a conviction for sexual assault. TEX. CODE CRIM. PRO. ANN. art. 38.07(a) (West Supp. 2012); *Mathis v. State*, 397 S.W.3d 332, 337 (Tex. App.—Dallas 2013, no pet.).

A person commits indecency with a child younger than 17 years of age if he (1) engages in sexual contact with the child or (2) with intent to arouse or gratify the sexual desire of any person, exposes any part of his genitals, knowing the child is present. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (2)(A). Sexual contact means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person. *See id.* § 21.11(c)(1), (2). The State's indictment alleged appellant, with the intent to arouse and gratify the sexual desire of any person, intentionally and knowingly (1) engaged in sexual contact by touching N.O.'s leg with his

genitals (count V) and touching N.O.'s breast with his hand (count VI) and (2) exposed his genitals to N.O. (count VIII).

In his brief, appellant does not analyze the facts of the case under the legal sufficiency standard nor does he explain why the evidence is insufficient to support his convictions. However, the record shows the forty-two-year-old appellant lived with N.O.'s twenty-seven-year-old sister, Christina. Appellant and Christina each had a son from prior relationships, and Christina was pregnant at the time with appellant's child. N.O. often went to their home to help her sister with the children. When N.O. was about sixteen years old, appellant began making comments about her appearance, telling her she was beautiful and sexy. N.O. thought the comments were inappropriate and tried to ignore them. One day, he slapped her butt and told her she looked good in the shorts she was wearing. Although she again tried to ignore him, the comments continued. In addition, appellant began exposing his penis to her and occasionally masturbated in front of her.

On June 18, 2010, N.O. visited Christina and appellant. Although she usually did not spend the night at their house, that night she did. N.O. was lying on the couch in the living room, covered by a comforter, when she heard appellant come downstairs; she pretended to be asleep. Appellant pulled the comforter back and began rubbing her body. He touched her leg and breast and rubbed her thigh. N.O. tossed and turned as though she was asleep, and appellant left. He returned soon and began touching her again. When N.O.'s brother came downstairs, appellant covered N.O. with the comforter and left. N.O.'s brother went back to his room upstairs, and appellant returned a third time. Appellant removed the covers, put his hand down N.O.'s shorts, and placed his fingers inside N.O.'s vagina. He placed his penis on her inner thigh and groin area, then touched the lips of her vagina with his penis. He then went back upstairs.

N.O. texted her friend, Kyle Furr, and told him to drive to her house and get her, but appellant returned before she could leave. This time, he pulled down his pants and told N.O. to open her mouth, but she refused. When he rubbed her chest, she felt "wet sticky stuff" on her. She grabbed the comforter to cover herself but appellant tried to pull it off. At this point, N.O. got up and ran out the door. Kyle picked her up and took her to his house where she told him what happened.

In addition to N.O.'s testimony, George Alaniz of the DNA serology section of the Texas Department of Public Safety Crime Laboratory, testified he collected a DNA sample from sperm on the comforter N.O. used the night of June 18, 2010 and compared it to the known sample of DNA taken from appellant. The probability of selecting an unrelated person at random who could be the source of the DNA profile was 1 in 28.4 quintillion. Alaniz said appellant was the source of the profile to "a reasonable degree of scientific certainty."

Considering all of the evidence in this case, we conclude it is sufficient for a rational jury to reasonably find that appellant committed sexual assault by penetrating N.O.'s female sexual organ with his finger, he committed indecency by contact when he touched N.O.'s breasts with his hands and N.O.'s leg with his penis, and he committed indecency by exposure when he exposed his penis to N.O. We overrule appellant's second issue.

In his first issue, appellant claims the trial court erred by admitting hearsay through (1) Furr's testimony about what N.O. told him the night of the assault, (2) Furr's written statement about what N.O. told him the night of the assault, and (3) N.O.'s statements about the assault to Nancy McNeil, a pediatric nurse practitioner who performed the sexual assault exam of N.O.

We first note that, with respect to his complaints on appeal about McNeil's testimony and Furr's written statement, appellant fails to provide any law or substantive analysis explaining

why the admission of this evidence was error. Because he fails to adequately brief these complaints, we conclude they are waived. *See* TEX. R. APP. P. 38.1(h).

We now turn to his complaint that Furr's testimony at trial was hearsay and should not have been admitted. We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). A trial court abuses its discretion when it acts outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (op. on reh'g).

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). For hearsay to be admissible it must fit into an exception provided by a statute or the rules of evidence; one such exception is the excited utterance exception. *See* TEX. R. EVID. 803(2); *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX. R. EVID. 803(2); *see Salazar v. State*, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001). The basis for the excited utterance exception is a psychological one, namely that when a person is in the instant grip of violent emotion, excitement or pain, she "ordinarily loses the capacity for *reflection* necessary to the fabrication of a falsehood and the 'truth will come out.'" *Zuliani*, 97 S.W.3d at 595.

In determining whether a hearsay statement is admissible as an excited utterance, the critical determination is "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event" or condition at the time of the statement. *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992). The trial court may consider the time elapsed and whether the statement was in response to a question. *Zuliani*, 97 S.W.3d at 595. However, it is

not dispositive that the statement is an answer to a question or was separated by a period of time from the startling event; these are simply factors to consider in determining whether the statement is admissible under the excited utterance hearsay exception. *See Lawton v. State*, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995), *overruled on other grounds, Mosley v. State,* 983 S.W.2d 249 (Tex. Crim. App. 1998). As the reviewing court, we must determine whether the statement was made "under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection." *Zuliani*, 97 S.W.3d at 596 (citing *Fowler v. State*, 379 S.W.2d 345, 347 (Tex. Crim. App. 1964)).

The evidence showed that after Furr got N.O.'s text, he drove to the house and picked her up. When she got in the car, Furr knew "instantly there was something wrong." She was crying, shaking, and staring blankly at the dashboard of the car. Furr drove her to his parents' house nearby. N.O. sat in the house, shaking and crying, but would not talk. Furr had never seen her like this before and repeatedly told her he wanted to help her. After fifteen to twenty minutes, N.O. started speaking. When the prosecutor asked Furr what she told him, appellant objected on the grounds of hearsay. The prosecutor stated she was offering the statement under the excited utterance exception, and the trial court overruled the objection. Furr then said N.O. told him appellant came down the stairs, told her to open her mouth, and was going to stick his penis in her mouth. He also put his finger in her vagina and, although she tried to fight him off, she could not.

Although appellant assigns the trial court's ruling as error, we cannot agree. The evidence shows that although approximately a quarter of an hour had passed, N.O. was shaking and crying, still dominated by the emotions, fear, and pain of the event. Because the record

supports the trial court's ruling, we cannot conclude the trial court erred by admitting the statement. We overrule appellant's first issue.

We affirm the trial court's judgment.

/Molly Francis/

MOLLY FRANCIS

JUSTICE

Do Not Publish

TEX. R. APP. P. 47

120647F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STACY EUGENE ERVIN, Appellant

No. 05-12-00647-CR　　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-80634-2012.
Opinion delivered by Justice Francis,
Justices FitzGerald and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 3, 2013

/Molly Francis/

MOLLY FRANCIS
JUSTICE