

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHARLES RYAN FORD, | § | No. 08-11-00307-CR |
| Ford, | § | Appeal from |
| v. | § | County Criminal Court No. 6 |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1133666) |
| | § | |

## **O P I N I O N**

Charles Ryan Ford appeals the trial court's judgment convicting him of driving while intoxicated, a class B misdemeanor. Ford was sentenced to 90 days' confinement, but the trial court suspended the imposition of the sentence and placed him on community supervision for 12 months with a fine of $550.00. Ford raises three issues on appeal. He contends that the trial court erred by: (1) admitting the DIC-24 form over Ford's confrontation clause objection; (2) denying Ford the opportunity to fully cross-examine the State's witnesses; and (3) admitting Ford's passengers' statements made at the time of the offense. For the following reasons, we affirm.

### *Background*

Ford was arrested for driving while intoxicated while attempting to leave a TCU football game in Fort Worth, Texas. Ford was driving a vehicle with two passengers when he encountered

Officer McLaughlin. Officer McLaughlin approached Ford to instruct him to turn his vehicle around. Ford put the vehicle in reverse and the driver's side mirror struck Officer McLaughlin on his left arm, elbow, and shoulder area. Officer McLaughlin told Ford he had been hit with the vehicle's mirror and instructed him to turn off the vehicle. Ford's two male passengers told Office McLaughlin "that they were sorry; that they had told him not to be – to be driving; that he had had too much to drink."

Officer Jesus Cisneros[1] transported Ford to jail. Intoxilyzer Operator Neese testified that Officer Cisneros administered the DIC-24 statutory warnings verbally and in writing. Neese observed and recorded the video in which Officer Cisneros read the DIC-24 form to Ford and Ford signed the DIC-24 along with Officer Cisneros. After receiving the DIC-24 warnings, Ford refused to submit a breath sample.

### At Trial

Prior to trial, the State had requested a motion in limine to limit "any mention of Officer Jesus Cisneros and his conviction for intox manslaughter." Ford objected stating the State could not use Officer Cisneros' work product and then not present him for cross-examination. The trial court granted the motion in limine.

The video of Officer Cisneros reading the DIC-24 warnings aloud to Ford and the signing of the warning form by Officer Cisneros and Ford was published to the jury. Neese further identified State's Exhibit No. 5 as the "statutory warning" or the DIC-24, signed by Officer Cisneros and Ford. He testified that State's Exhibit No. 5 was a true and correct copy of the DIC-24 given to Ford. Neese further testified the signatures belonged to Officer Cisneros and

---

[1] Officer Cisneros is referred to as "Jesus Cisneros" and "James Cisneros" in the record, for the purposes of this appeal we will refer to him as "Officer Cisneros."

2

Ford. The State offered Exhibit No. 5 into evidence. Ford objected, pointing out that Neese had not signed it and "[had] nothing to do with" the DIC-24. The State responded that the proper predicate had been laid. The following exchange took place:

DEFENSE COUNSEL: We object to it as a hearsay statement. It's a hearsay document and there's no way for us to cross-examine it. And a way to get it out there.

THE STATE: Your honor, this is non-testimonial in nature so there is no confrontation clause issue with Officer Ceniceros not being available to testify in this court proceeding. The proper predicate has been laid for the DIC-24 through this officer.

After a brief recess, the trial judge admitted State's Exhibit No. 5. Ford made the following objection:

DEFENSE COUNSEL: Just for the record, our objection is going to be that there has not been a proper predicate laid in anything he testifies to in State's Exhibit No. 5. It's hearsay. We would also object to all of his testimony as it pertains to State's Exhibit No. 5.

THE STATE: And if I may respond – because I don't think that we responded on the record to the hearsay objection – that a computer printout is not a statement. It's non-hearsay. Works the same with a receipt. It's not a person making these statements; it's a document. Additionally, signatures are not testimonial or not statements and therefore is no confrontation clause issue.

State's Exhibit No. 5 was then published to the jury.[2]

---

[2] The DIC-24 warnings are as follows:

You are under arrest for an offense arising out of acts alleged to have been committed while you were operating a motor vehicle or watercraft in a public place while intoxicated or an offense under Section 106.041, Alcoholic Beverage Code. You will be asked to give a specimen of your breath and/or blood. The specimen will be analyzed to determine the alcohol concentration or the presence of a controlled substance, drug, dangerous drug or other substance in your body.

If you refuse to give the specimen, that refusal may be admissible in a subsequent prosecution. Your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 180 days, whether or not you are subsequently prosecuted for this offense.

If you are 21 years of age or older and submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of 0.08 or more, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 90 days, whether or not you are subsequently prosecuted for this offense.

When Officer McLaughlin testified that Ford's passengers told him "that they were sorry; that they had told him not to be – to be driving; that he had had too much to drink." Ford timely objected to hearsay. The State's response was that the passenger's statements were admissible under the "excited utterance exception." The State argued hitting a police officer with a vehicle qualified as a startling event and had prompted the excited utterances from Ford's two passengers. Ford countered that bumping Officer McLaughlin on the shoulder with a mirror is not a startling event. The State elicited testimony from Officer McLaughlin surrounding the events that precipitated the passengers' statements. The State asked the trial court to consider two factors: (1) the length of time elapsed from the startling event to the statement; and (2) whether the statement was made in response to a question by Officer McLaughlin. The trial court asked Officer McLaughlin if he had "addressed the passengers at all at that point?" McLaughlin responded no. The trial court admitted the statements.

### DIC-24

In his first issue, Ford contends the trial court erred by admitting the DIC-24 over Ford's

---

If you are younger than 21 years of age and have any detectable amount of alcohol in your system, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 60 days. However, if you submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of less than 0.08, you may be subject to criminal penalties less severe than those provided for under Chapter 49, Penal Code.

If you refuse to give the specimen, or if the specimen shows that you have an alcohol concentration of 0.08 or more, you may be disqualified from driving a commercial motor vehicle for a period of not less than one year.

You may request a hearing on the suspension or denial. This request must be received by the Texas Department of Public Safety at its headquarters in Austin, Texas, no later than 15 days after you receive or are presumed to have received notice of suspension or denial. The request can be made by written demand, fax, or other form prescribed by the Department.

I certify that I have informed you both orally and in writing of the consequences of refusing to submit to the taking of a specimen or providing a specimen. I have provided you with a complete and true copy of this statutory warning.

4

objection based on the Confrontation Clause.   Ford contends the witness who prepared the DIC-24 must be present to admit the DIC-24, if not, the accused is denied his right of Confrontation.[3]

The State responds that Ford's Confrontation claim fails because, if there was any error, it was not properly preserved.[4]   Even if Ford properly preserved the issue for appeal, the State argues, there is no abuse of discretion by the trial court in admitting the DIC-24.   The State urges that the DIC-24 is relevant under the Transportation Code Section 724.061.   *See* TEX.TRANSP.CODE ANN. § 724.061 (West 2011).   Further, the DIC-24 is properly admitted pursuant to Texas Rule of Evidence 803(8).   Lastly, the State rejects Ford's argument that his right of confrontation has been violated, because the DIC-24 is not testimonial under *Crawford*. *Crawford v. Washington,* 541 U.S. 36, 61 & n.9, 124 S.Ct. 1354, 1369 & n.9, 158 L.Ed.2d 177 (2004).

*Preservation of Error*

In order to preserve error for appellate review, a party must present a timely complaint to the trial court stating the specific grounds for the desired ruling if they are not apparent from the context of the complaint.   *See* TEX.R.APP.P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex.Crim.App. 1998).   Under Rule 33.1, the record must show that a complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court

---

[3]  At trial, Ford objected on the basis of:   (1) the DIC-24 is hearsay; (2) Ford's inability to "cross-examine" the document; and (3) the State's failure to lay the proper predicate.   Ford also argued the DIC-24 could not be admitted unless Officer Cisneros testified to it.

[4]  The State argues Ford's objection:   (1) was untimely; (2) lacked specificity and did not invoke his right to Confrontation; and (3) is waived because (a) it does not comport with his issue on appeal, and (b) Ford failed to object to every trial reference of the DIC-24 and the video which recorded Officer Cisneros reading the DIC-24 to Ford.

aware of the complaint, unless the specific grounds were apparent from the context. *See* TEX.R.APP.P. 33.1. A hearsay objection at trial does not preserve error for a complaint on appeal based on the Confrontation Clause. *See Wright v. State,* 28 S.W.3d 526, 536 (Tex.Crim.App. 2000). When an issue raised on appeal does not comport with the objection made at trial, nothing is preserved for review. *See* TEX.R.APP.P. 33.1; *Sorto v. State,* 173 S.W.3d 469, 476 (Tex.Crim.App. 2005).

Ford objected to the DIC-24 because it was hearsay and that he could not cross-examine the document. At trial, the State interpreted the objections as including a Confrontation Clause complaint because the prosecutor responded that the DIC-24 is not testimonial in nature, and therefore, there was no Confrontation Clause issue. Thus, the record reflects that the parties and the trial court understood that Ford's objection included a Confrontation Clause component. Therefore, we find the first issue is preserved because the Confrontation Clause objection was apparent from the context.

*Admission of DIC-24*

The Confrontation Clause of the Sixth Amendment of the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. CONST. AMEND. VI. A testimonial hearsay statement may be admitted into evidence only if the witness is unavailable and the defendant has had a prior opportunity to cross-examine the declarant. *Crawford,* 541 U.S. at 68-9, 124 S.Ct. at 1374; *see also Bullcoming v. New Mexico,* ___ U.S. ___, 131 S.Ct. 2705, 2710, 180 L.Ed.2d 610 (2011). However, the admission of non-testimonial hearsay does not violate the Confrontation Clause. *Sanchez v. State,* 354 S.W.3d 476, 485 (Tex.Crim.App. 2011).

6

Testimonial statements are those made "under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford,* 541 U.S. at 52, 124 S.Ct. at 1364; *Wall v. State,* 184 S.W.3d 730, 735 (Tex.Crim.App. 2006). Further, "when the surrounding circumstances objectively indicate that the primary purpose of the interview or interrogation is to establish or prove past events potentially relevant to later criminal prosecution" will a statement be regarded as testimonial. *De La Paz v. State,* 273 S.W.3d 671, 680 (Tex.Crim.App. 2008), *citing Davis v. Washington,* 547 U.S. 813, 822-23, 126 S.Ct. 2266, 2274, 165 L.Ed.2d 224 (2006); *see also Melendez–Diaz v. Mass.,* 557 U.S. 305, 329, 129 S.Ct. 2527, 2542-43, 174 L.Ed.2d 314 (2009).

Texas courts have drawn a distinction between "a factual description of specific observations or events that is akin to testimony" and "official records that set out a sterile and routine recitation of an official finding or unambiguous factual matter such as a judgment of conviction or a bare-bones disciplinary finding . . .," which are not considered testimonial. *Segundo v. State,* 270 S.W.3d 79, 107 (Tex.Crim.App. 2008). Any "'boilerplate' language that does not contain any such testimonial statements, narratives of specific events, or written observations is admissible." *Smith v. State,* 297 S.W.3d 260, 276 (Tex.Crim.App. 2009); *see also Segundo,* 270 S.W.3d at 107.

Ford argues that the admission of State's Exhibit No. 5, the DIC-24, violated his confrontation clause rights. However, Ford does not explain and cites no law supporting his proposition that the forms were testimonial, as they must have been for their admission to constitute a violation of his confrontation clause rights. *See Sanchez,* 354 S.W.3d at 485. The DIC-24 warning form is not similar to any statements held to be testimonial in previous case law as

it is merely Ford's signature on a pre-printed form filled out by Officer Cisneros. The DIC-24 does not make any observations of an incident nor is an analysis of testing made by an absent witness. The DIC-24 form at issue contained a non-testimonial, unambiguous, objective signature attesting to Officer Cisneros orally recitation of the statutory warnings, rather than any interpretation of what had occurred during an incident or an expert analysis. *See Bullcoming,* __ U.S. at __, 131 S.Ct. at 2710; *Smith,* 297 S.W.3d at 276. Instead, these forms were non-testimonial because they contained only the recitation of the statutory warnings mandated by the Texas Transportation Code as to the consequences of the taking and non-taking of a specimen. *See Smith,* 297 S.W.3d at 276; *De La Paz,* 273 S.W.3d at 680.

Accordingly, we find that the DIC-24 statutory warning form at issue in this case was non-testimonial and that, therefore, the trial court did not violate Ford's sixth amendment rights by the admission of State's Exhibit No. 5. Issue One is overruled.

### *CROSS-EXAMINATION*

In his second issue, Ford alleges the trial court erred in granting the State's motion in limine. He argues the ruling deprived him of his constitutional right to fully cross-examine and confront the State's witnesses regarding Officer Cisneros.

The State argues Ford did not preserve this error for appeal. According to the State, Ford has failed to point to any evidence in the record that he was precluded from presenting to the jury. Alternatively, if the record does not reveal such evidence, Ford failed to make an offer of proof or a bill of exception.

The trial court's ruling which granted the State's request for a motion in limine does not preserve error in the exclusion of evidence. A motion in limine is "a method of raising objection

to an area of inquiry prior to the matter reaching the ears of the jury through a posed question, jury argument, or other means." *Thierry v. State*, 288 S.W.3d 80, 86 (Tex.App.--Houston [1st Dist.] 2009, pet. ref'd), *quoting Norman v. State*, 523 S.W.2d 669, 671 (Tex.Crim.App. 1975). It only requires a party to approach the bench before offering certain evidence; it is not a ruling that excludes evidence and does not preserve error. *Thierry*, 288 S.W.3d at 86-7. To preserve error in the trial court's decision to exclude evidence, the complaining party must make an "offer of proof" which sets forth the substance of the proffered evidence. TEX.R.EVID. 103(a)(2); *Mays v. State*, 285 S.W.3d 884, 889 (Tex.Crim.App. 2009). Error may not be predicated upon a ruling which excludes evidence unless a substantial right of the party is affected, and the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked. TEX.R.EVID. 103(a)(2); *Mays*, 285 S.W.3d at 889. The offer of proof may be in question and answer format, or may consist of a concise statement by counsel. *Mays*, 285 S.W.3d at 889. The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful. *Id.* at 890. A secondary purpose is to permit the trial judge to reconsider his ruling in light of the actual evidence. *Id.*

Ford does not point to any offer of proof in the record and our review has failed to find any such proffer. In order to preserve error, Ford would have had to engage in a question and answer with the witness outside of the jury's presence, or summarized what he believed the evidence would be. Since his complaint is that he did not have the opportunity to fully cross-examine the witness, the best approach would have been to completely cross-examine the witness outside of the jury's presence. The trial court would then have had the opportunity to rule on the admissibility of the evidence in light of the actual evidence and the appellate court could evaluate whether it was

9

error to exclude the evidence and whether it was harmful. Likewise, if Ford's complaint is that he did not have an opportunity to fully cross-examine the witness, he must show what questions he would have asked and what the answers would have been. Therefore, it appears that Issue Two was not preserved and is waived.

## *ADMISSION OF HEARSAY STATEMENTS*

In his third issue, Ford argues the trial court erred in admitting the statements made by Ford's passengers. Ford's position is the statements are hearsay and do not qualify as excited utterances. At trial and in his brief, Ford alleges there was no startling event and the statements were made pursuant to police questioning. The State's response was that the trial court did not abuse her discretion in properly admitting the statements under the excited utterance hearsay exception.

The trial court has discretion to review the admissibility of an out-of-court statement under the exceptions to the general hearsay rule. *Zuliani v. State,* 97 S.W.3d 589, 595 (Tex.Crim.App. 2003). An abuse of discretion occurs "when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App. 1992).

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX.R.EVID. 801(d). Hearsay is not admissible unless it falls into an exception provided by a statute or by the Rules of Evidence. TEX.R.EVID. 802. One such exception is for "excited utterances," i.e., statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." TEX.R.EVID. 803(2). In determining whether a

hearsay statement is admissible as an excited utterance, the court may look at the time that elapsed between the event and the statement. *Penry v. State,* 903 S.W.2d 715, 750-51 (Tex.Crim.App. 1995); *Lane v. State,* 174 S.W.3d 376, 382 (Tex.App.--Houston [14th Dist.] 2005, pet. ref'd), *cert. denied*, 549 U.S. 911, 127 S.Ct. 246, 166 L.Ed.2d 194 (2006). However, the critical factor in determining whether a statement is an excited utterance is whether the declarant was still dominated by the emotions, fear, excitement, or pain of the event at the time of the statement. *Zuliani,* 97 S.W.3d at 596; *Salazar v. State,* 38 S.W.3d 141, 154 (Tex.Crim.App. 2001).

The passengers' statements were spontaneously uttered just after Ford had almost knocked Officer McLaughlin over with Ford's vehicle. Based on McLaughlin's testimony, the statements occurred as soon as the event had transpired. It was reasonable for the trial court to conclude that Ford's passengers were still dominated by their emotions or fear when they apologized to Officer McLaughlin. Clearly, observing a police officer get hit by a car mirror during a traffic stop could qualify as a startling event.

Ford's assertion that the statements were made in response to questioning also appears to be without merit. In determining whether a hearsay statement is admissible as an excited utterance, the court may consider the time elapsed and whether the statement was in response to a question. *Zuliani*, 97 S.W.3d at 595-96. It is not dispositive, however, that the statement is an answer to a question or that it was separated by a period of time from the startling event; these are simply factors to consider in determining whether the statement is admissible under the excited utterance hearsay exception. *Id.* at 596. The critical determination is "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event" or condition at the time of the statement. *Id., quoting McFarland v. State,* 845 S.W.2d 824, 846 (Tex.Crim.App. 1992).

11

The reviewing court must determine whether the statement was made "under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection." *Zuliani*, 97 S.W.3d at 596, *quoting Fowler v. State*, 379 S.W.2d 345, 347 (Tex.Crim.App. 1964). In this case, the trial court could have believed the officer's testimony that he did not direct any questions at the passengers, and therefore, the passengers' statements were not made in response to questioning. Based upon the record, it does not appear that the trial court abused its discretion by admitting the passengers' statements as excited utterances. Issue Three is overruled.

## CONCLUSION

Having overruled all three of Ford's issues, we affirm the trial court's judgment.


February 28, 2014
                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

12