WILL DAVIS v. THE STATE.

No. 5838. Decided October 13, 1920.

1.—Rape—Sufficiency of the Evidence.

Where upon trial of rape upon a female under the age of consent, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Name of Prosecutrix—Idem Sonans.**

Where upon trial of rape the indictment alleged the name of prosecutrix to be Mary Hodge, and the evidence showed her name was Mary Hodges, there was no reversible error under the rule of *idem sonans*.

**3.—Same—Rule Stated—Idem Sonans.**

If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, or if the name as stated be *idem sonans* with the true name, the variance and misspelling is not material. Or, where the names are pronounced rather indiscriminately, either one way or the other, and in the spelling the variation or difference is slight, it would not constitute ground for a variance under the doctrine of *idem sonans*. Following Gentry v. State, 62 Texas Crim. Rep., 497, and other cases.

**4.—Same—Charge of Court—Variance—Idem Sonans.**

Where upon trial of rape the evidence showed that Mary Hodge and Mary Hodges was the same person, and she testified as to the carnal intercourse with her by defendant, there was no sufficient variance between the names to require reversal, and it was harmless error that the court instructed the jury if they found she was the same person mentioned, in the indictment and the one with whom the intercourse was had, it would be sufficient.

Appeal from the District Court of Van Zandt. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of rape upon a female under the age of consent; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*Stanford & Sanders*, for appellant.—On question of name of prosecutrix: McDevro v. State, 5 S. W. Rep., 133; Neiderluck v. State, 17 id., 467; Hansen v. State, 34 id., 929; Harrison v. State, 85 id., 1058; Parchman v. State, 2 Texas Crim. App., 328; Martin v. State, 16 Texas, 240; Brown v. State, 28 Texas Crim. App., 65.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On question of name of prosecutrix: Shores v. State, 150 S. W. Rep., 776; Hall v. State, 32 Texas Crim. Rep., 594; Dechard v. State, 57 id., 359; Dickson v. State, 34 id., 1; Cline v. State, 34 id., 415; Valigura v. State, 153 S. W. Rep., 856.

DAVIDSON, Presiding Judge.—Appellant was convicted of rape and allotted six years in the penitentiary.

We deem it unnecessary to discuss the facts. If the State's evidence was believed by the jury it authorized a conviction. Had they believed the appellant they would have acquitted of rape.

The question of variance between the name of the prosecutrix alleged in the indictment and that proved upon the trial is relied upon, among other things, for reversal. The indictment alleged the

name of prosecutrix to be Mary Hodge. The evidence shows her name was Mary Hodges, the difference being the "s" in the latter name, which was not in the first. The question of variance on the theory of *idem sonans* has been a very vexed one not only in Texas but it seems generally upon an examination of the cases. In fact they are so much at variance with each other and so inharmonious they are practically incapable of reconciliation. Some general rules, however, are fairly well recognized. If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, or if the names as stated be *idem sonans* with the true name, the variance and misspelling is not material. This is quoted from Mr. Branch's Ann. P. C., p. 11. For citation of authorities see that work. Generally speaking, where names are pronounced rather indiscriminately either one way or the other, and in the spelling the variation or difference is slight, it would not constitute grounds for a variance under the doctrine of *idem sonans*. We are of opinion that Hodge and Hodges come within that rule and that the variance would not be of sufficient importance to require a reversal of this judgment. The writer is of opinion that perhaps a test in cases of this character might be that if under the second prosecution the accused could plead jeopardy on account of the name, that the variance would not be of sufficient importance to require a reversal. This doctrine, however, might be fraught with some difficulty. With this particular case there should be no trouble, because the names are so similar that the variance would be immaterial and of no practical importance. There are quite a number of cases cited by Mr. Branch in his Ann. P. C., p. 12, and note 23 sustaining this proposition. See Gentry v. State, 62 Texas Crim. Rep., 497. In that case the name was Gentary and not Gentry. This was not a violation of the rule of idem sonans. So was the name Noberto and Norberto held to be *idem sonans*, as was Foster and Faster, Grigg and Griggs, Sawyers and Sawyer, Williams and William, and Garcia and Garzia. We are of opinion that under the facts this variance, if it be considered a variance, between the name of Hodge and Hodges, is not sufficient in importance to require a reversal. That Mary Hodge and Mary Hodges was the same person is left beyond question or dispute. She testified in the case and furnished all the facts that appellant had carnal intercourse with her, and there was no question raised of the fact that she was the same person. The issue suggested by appellant was that he did not have such intercourse. She was a girl under fifteen years of age, and the question of consent did not arise.

It is also contended that the court was in error in charging the jury if they found she was the same person mentioned in the indictment and the one with whom the intercourse was had, it would be sufficient. This charge is of doubtful propriety and if the doctrine of *idem sonans* was of sufficient importance and applicable to the case

that might constitute reversible error. Under the rule laid down by the court in the charge the doctrine of *idem sonans* might be foreign to the question; we might add any other name as well as Mary Hodge or Mary Hodges. But take the case as it stands, there being no sufficient variance between the names to require a reversal, we think the charge was of harmless import.

Finding no reversible error in the record the judgment will be affirmed.

*Affirmed.*

[Rehearing denied October 13, 1920.—Reporter.]