### R. C. Dennington v. The State.

No. 8447. Decided October 8, 1924.

Rehearing denied, November 14, 1924.

**1.—False Swearing—Indictment—Misspelled Word—Immaterial.**

The misspelling of the word "Administer" did not change the sense, or meaning of the language used, and was not material. See Collation of authorities under Art. 476 Vernon's C. C. P.

**2.—Same—Indictment—Allegations of—False Swearing.**

The rule that when a given statement is plead *in solido*, as material, the traverse must be equally as comprehensive was followed in the indictment in the instant case, and sustained by the proof. General allegations that certain statements be false should be followed by a negative in detail as to those particular statements. See Gabrielsky v. State, 13 Tex. Crim. App., 428.

**9.—Same—Indictment—Names in—Variance.**

The name of the girl as set out in the indictment is "Alene Trimmer," and in the testimony "Eileen Trimier," was the difference in the spelling

of the name a variance or were the names *idem sonans?* The rule in this regard as stated under Art. 456 Vernon's C. C. P. is, that if the names can be sounded alike, without doing violence to the letters found in the differently spelled words, the variance is immaterial. It is clear to us that the names are *idem sonans*, and the variance immaterial. See Eocobedo v. State, 225 S. W. Rep., 327, 86 Tex. Crim. Rep., 515.

Appeal from the District Court of Knox County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction of false swearing; penalty, two years in the penitentiary.

*W. H. Murchinson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Knox County of false swearing, and his punishment fixed at two years in the penitentiary.

In order to aid his brother in getting a marriage license appellant signed and swore to the following affidavit:

"The State of Texas, County of Knox.

"I, R. C. Dennington, of the County of Haskell, do hereby certify that I am acquainted with the parties now applying to the county clerk of Knox County for a marriage license, and that Mr. Hamilton Dennington has attained the age of 21 years and that Miss Alene Trimmer has attained the age of 18 years.

"R. C. Dennington.

"Sworn to before me this the 10th day of Nov., 1922.

"Subscribed to before me this the 10th day of Nov., 1922.

"(Seal)                                      A. E. Propps,

"County Clerk, Knox County, Tex."

He was indicted for false swearing, the indictment alleging that he made said false affidavit, setting it out,—then the indictment states as follows:

"Whereas in truth and in fact the said Miss Alene Trimmer mentioned in said false affidavit as aforesaid had not attained the age of eighteen years and was then and there under the age of eighteen years, and which false statement, declaration and affidavit in writing was not required by law, and was not made in the course of a judicial proceeding; and the said R. C. Dennington knew the same to be false at the time he made it; against the peace and dignity of the State."

There are three bills of exception in the record. In the first is complaint of the refusal of a motion to quash the indictment. The misspelling of the word "administer" did not change the sense of

meaning of the language used, and was not material. (See collation of authorities under Article 476, Vernon's C. C. P.). The authorities cited in support of the remainder of appellant's attack on the indictment seem lacking in application. They are perjury cases in which it was necessary to plead and prove the materiality to some charge, of the alleged false statement; and Brown v. State, 48 S. W. Rep., 169, and Ross v. State, 50 S. W. Rep., 336, but support the rule that when a given statement is plead *in solido* as material, the traverse and proof must be equally as comprehensive. Gabrielsky v. State, 13 Texas Crim. App., 428, might be cited with approval in the case at bar, for it holds in substance that general allegations that certain statements be false should be followed by a negative in detail as to those particular statements whose falsity is relied on and the truth of the latter should be averred. This is exactly what was done in the instant case. It was alleged in general terms that appellant made a false affidavit, setting it out, and then the particular part whose falsity gave character to the whole affidavit, was pointed out and traversed by stating that in truth and in fact Alene Trimmir had not attained the age of eighteen years but was under said age. That this was the statement alleged as false in the pleading relied on, and in the proof and is submitted in the charge, is evident from the record. In his charge the learned trial judge told the jury that if they found and believed from the evidence that appellant made the following voluntary statement and affidavit (setting it out) and should find beyond a reasonable doubt that at said time Alene Trimmer was under eighteen years of age and that the affidavit was false, they should convict. This was followed in another paragraph of the charge by the statement that even though the jury believed from the evidence that Miss Trimmer was under eighteen years of age, yet if they found from the evidence, or had a reasonable doubt of such fact, should acquit.

The remaining two bills of exception relate to the question of variance based on the claim that the names "Alene Trimmer" and Eileen Trimier" are not *idem sonans*,—the name of the girl in the affidavit and indictment being stated as Alene Trimmer, and in the testimony as Eileen Trimier. When on the witness stand the young lady was asked by State's attorney how they pronounced her name and she answered, as appears from the record, that they pronounced it Eileen and the oher Trimier. This may have been satisfactory to those who heard, but we who can only read, get no light from such testimony.

The rule in this regard as stated under Article 456, Vernon's C. C. P., is that if the names can be sounded alike without doing violence to the letters found in the differently spelled words, the variance is immaterial. As to Trimmer and Trimier, the question may be disposed of without further discussion by reference to Eecobedo v.

State, 225 S. W. Rep., 377, where Alphin and Alphian are held
*idem sonans,* and to Hardy v. State, 86 Texas Crim. Rep., 515, hold-
ing McPherson and McPhersion likewise *idem sonans.* Reverting to
the proper name, if the "a" in Alene is pronounced as that letter is
in day, may, etc., there would be no trouble here, as the letters ei
have the sound of a in such words as veil, vein, rein, seine, deign,
etc. It thus appears that as far as we can tell the names can be
sounded alike without violence to the letters in them, and the rule
as to *idem sonans* is met.

The county clerk testified that appellant signed the affidavit and he
swore him to it. There is no invariable formula prescribed for tak-
ing such affidavit and we think the testimony sufficient on the propo-
sition that appellant was shown to have been sworn.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*