### CARL HILL v. THE STATE.

#### No. 9896.   Delivered March 24, 1926.

1.—Throwing Rocks Against Building—Indictment—Allegation of Name— Middle Initial Immaterial.

Where the indictment charged that the house was occupied by C. A. Swindell, and the evidence disclosed that the house was occupied by C. O. Swindell, there was no variance. A middle initial is not known in law, and a variance between the allegation and proof as to a middle initial is immaterial. A middle initial may be rejected as surplusage. See Branch's Ann. P. C. Sec. 462, and cases cited thereunder.

2.—Same—Indictment Held Sufficient.

Where a prosecution is brought under Art. 1339, P. C. 1925, and the indictment alleges the throwing of a piece of stone, brick, and plank, same is not duplicitous, nor did the allegation, being in the disjunctive, demand that the charge should not be in the conjunctive. See Branch's P. C. Sec. 508.

3.—Same—Requested Charge—Properly Refused.

Where appellant requested a special charge defining the terms "wilfully" and "maliciously" properly, and which should have been given by the court, but coupled with said charge a conjunctive submission of all three means of committing the offense alleged in the indictment, for this improper presentation in the charge the court correctly refused it.

4.—Same—Charge of Court—Defensive Issue—Improperly Admitted.

Where, on a trial for wilfully and maliciously throwing a stone, etc., against a building, appellant's defense was that at the time the stones were thrown which struck the roof and came from outside the building, he was inside the house, and therefore did not, and could not have thrown the stones. It was the only defense interposed by appellant, and the refusal of the court to give his requested charge submitting the issue, compels a reversal of the case.

Appeal from the County Court of Hopkins County. Tried below before the Hon. Geo. C. Stephens, Judge.

Appeal from a conviction for throwing stones, etc., against a building, penalty fine of five dollars.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—The information alleged that appellant "wilfully and maliciously" threw a stone, a piece of brick, and a piece of plank against and at a storehouse occupied by C. A. Swindell," etc. (Art 1339, P. C. 1925 Revision). Appellant was convicted and fined five dollars.

The evidence disclosed that the house was occupied by C. O. Swindell, and there was no such person as C. A. Swindell. The point is made that this constituted a variance. "A middle initial is not known in law and a variance between the allegation and proof as to a middle initial is immaterial. A middle initial may be rejected as surplusage." (Branch's Ann. Texas P. C. Sec. 462, and cases thereunder cited.)

It is contended that because the information alleged the throwing of a piece of stone, brick and plank, it was duplicitous; also that it being alleged so conjunctively it was error for the court to submit it disjunctively. Neither contention is meritorious. (Sec. 508 Branch's Ann. Texas P. C.)

Written exception to the charge was timely presented because the court omitted to define the terms "wilfully" and "maliciously." This being a misdemeanor prosecution appellant undertook to comply with the other rule requiring not only an exception to the charge, but also that a correct special charge be presented supplying the omission. The requested charge correctly defined "wilfully" and "maliciously," but unfortunately coupled it with a conjunctive submission of all

three means of committing the offense alleged in the indictment. For this reason the court correctly refused it, and this point is no further available to accused.

Mr. Swindell testified that he saw appellant and three other parties about twenty feet from his storehouse and saw appellant and the others throw rocks which struck the top of the house. It appears from other evidence in the case that rocks were thrown and struck the house on two occasions on the night in question. It was appellant's contention, and he so testified, that on both occasions when the rocks struck the house he was inside the storehouse or on the porch. Another witness testified to the same effect. Under these circumstances appellant invoked the doctrine of alibi. He specifically excepted to the charge of the court because it omitted an instruction upon this issue and requested a correct special charge on the subject. The facts are rather peculiar as raising the defense of alibi. There is no question even from his own testimony that appellant was at the store when the rocks were thrown against it; in that sense he was present when the offense was committed. According to Mr. Swindell the party or parties were some twenty feet from the store at the time the rocks were thrown. If appellant was in the store or on the gallery at that time it was impossible for him to have been at the point from which the rocks were thrown or to have thrown them. Further raising the same question, exception was presented to the charge because it did not "affirmatively present the defense that the alleged offense, if any, was committed by another and different person and was not committed by this defendant." Upon this issue appellant requested the court to charge that if the evidence raised a reasonable doubt as to whether appellant was the person who threw the rock the jury should acquit him. This charge was also refused. It was the only defense interposed by appellant. It was appellant's version of the matter that at the time the rocks were thrown he was either on the gallery or in the storehouse and not at the point testified to by Mr. Swindell, and we believe this defense should have been pertinently called to the attention of the jury under some appropriate instruction.

For the omission to give such charge the judgment is reversed and the cause remanded.

*Reversed and remanded.*