Renrick Kennedy MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 50921.

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

James H. Martin, Dallas, for appellant.

Henry M. Wade, Dist. Atty. Steve Wilensky and Paul D. Macaluso, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of aggravated robbery; the punishment is life imprisonment.

It is urged that there is a material variance between the allegation and the proof of the name of the complainant, and therefore the evidence is insufficient to sustain the conviction. The indictment alleges that the complainant's name is DIANNA LYNCH SYKES; the transcript of the court reporter's notes reflects that the complainant's name is DINA JONES SYKES.

A middle name or initial may be disregarded; a material variance between the allegation and the proof of the middle name or initial is neither material nor fatal. See *Dixon v. State,* 2 Tex.App. 530 (1877); *Delphino v. State,* 11 Tex.App. 30 (1881); *Hill v. State,* 103 Tex.Cr.R. 580, 281 S.W. 1071 (1926); *Williams v. State,* 461 S.W.2d 614 (Tex.Cr.App.1971); *Cepeda v. State,* 489 S.W.2d 907 (Tex.Cr.App.1973); *Swaim v. State,* 498 S.W.2d 188 (Tex.Cr.App.1973). The variance between the allegation that the complainant's middle name was Lynch and proof that her middle name was Jones is neither material nor fatal.

There is no evidence that the complainant was known by the name DIANNA SYKES. See Article 21.07, V.A.C.C.P.; *Brown v. State,* 171 Tex.Cr.R. 692, 353 S.W.2d 425 (1962).

The question presented is whether there is a material variance between the allegation of the complainant's given name as *Dianna* and proof that it is *Dina*. The State argues there is not a material variance because the names Dianna and Dina are idem sonans.

The application of the rule of idem sonans, which means names are the same

that have the same sound or sound the same, varies from jurisdiction to jurisdiction. See 65 C.J.S. Names § 14, pp. 35–39, and 57 Am.Jur.2d, Names, Sec. 17, pp. 285–286. In *Stresser v. Ress,* 165 Neb. 858, 87 N.W.2d 619 (1958), it was noted that:

"Some jurisdictions recognize that the test for determining if names are idem sonans is whether although spelled differently, the attentive ear finds difficulty in distinguishing the two names when pronounced. Others disregard the sound of the names and predicate their conclusions solely on appearance if the names involved are written or printed. A still further class of adjudications takes a modified view that if the name as published both appears and sounds similar to the real name, then the doctrine is applicable." 87 N.W.2d 619, at 622.

The appellant has directed our attention to the test commonly applied in this jurisdiction, which is set out in *Pedrosa v. State,* 155 Tex.Cr.R. 155, 232 S.W.2d 733 (1950), as follows:

"In the case of *Chaverea v. State,* 141 Tex.Cr.R. 592, 150 S.W.2d 241, 242, we restated the rule governing the doctrine of idem sonans, as follows: 'The rule of idem sonans is stated as follows in Branch's Ann.Tex.P.C., sec. 22, page 11: "If the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, or if the name as stated be idem sonans with the true name, the variance and misspelling is immaterial." And in 30 Tex.Jur., page 602, it is said: "This phrase means 'of the same sound,' and names are idem sonans if the attentive ear finds difficulty in distinguishing them when pronounced, or if common and long-continued usage has made them identical in pronunciation, irrespective of the rules of orthography. In other words, identity of sound is regarded as a surer method of measuring the similarity of names than identity of spelling, and so long as the names can be sounded alike 'without doing violence to the power of the letters,' any variation in orthography is immateri-

al, provided the misspelling does not transform the name into a wholly distinct appellation." ' "

However, that the rule has been often articulated has not rendered easy its application; a review of the cases leaves the impression that the rule has not been applied with that fine degree of precision required to produce uniform results. A century ago in his opinion in *Goode v. State,* 2 Tex.App. 520, 524 (1877), Judge White noted in discussing the rule of idem sonans that, "The books abound in hairbreadth distinctions . . . ;" we note that today the books appear to be in much the same condition. In *Davis v. State,* 88 Tex.Cr.R. 7, 224 S.W. 510 (1920), the Court stated the following:

"The question of variance on the theory of idem sonans has been a vexed one, not only in Texas, but it seems generally upon an examination of the cases. In fact, they are so much at variance with each other and so inharmonious they are practically incapable of reconciliation."

In *Strasser v. Ress,* supra, the Nebraska Supreme Court reached the same conclusion as follows:

"It is profitless to attempt to cite or analyze the cases which have considered this doctrine. They are very numerous, irreconcilable and inconsistent. Some decisions conclude that certain names are within the doctrine while other courts, sometimes in the same jurisdiction, refuse to apply the rule to similar names which are indistinguishable."

Also see *Raven v. State,* 149 Tex.Cr.R. 294, 193 S.W.2d 527 (1946); *Jones v. State,* 115 Tex.Cr.R. 418, 27 S.W.2d 653 (1930); Article 21.07, V.A.C.C.P.Ann. note 15; 1 Branch's Penal Code (2d ed.), 31 Secs. 39, 40, and 41.

The reasons for the disharmony in the case law on idem sonans are not difficult to discern. The rule depends for its application on the intricacies and foibles of articulated speech; its application must suffer the consequences of accents, dialects, and the peculiarities of localized or personalized pronunciations. It is difficult in the preparation of an appellate record for a court

reporter to accurately describe on a printed page the nuances of sound in a witness's articulation of a name. Even on those occasions when a witness is asked to sound out a name phonetically, it is not easy to capture on paper the accent with which the witness spoke. In *Dennington v. State,* 98 Tex.Cr.R. 332, 265 S.W. 698 (1924), faced by a variance between the names Alene Trimmer and Eileen Trimier, the Court recognized the dilemma thus presented to an appellate court:

"When on the witness stand the young lady was asked by the state's attorney how they pronounced her name and she answered, as appears, from the record, that they pronounced it Eileen and the other Trimier. This may have been satisfactory to those who heard, but we who can only read get no light from such testimony."

And see *Brady v. State,* 122 Tex.Cr.R. 279, 55 S.W.2d 104. It is for these reasons that it has been said that adjudicated cases determining certain names to be or not to be idem sonans apply only to the particular instance in which the determination was made. See *Loven v. State,* 145 Tex.Cr.R. 260, 167 S.W.2d 515 (1943).

■ Inasmuch as appellate courts are now limited to reading a "cold" record, they are rarely in a position to make a truly informed determination of whether two names could be or were pronounced to sound the same. We conclude that the resolution of questions involving the rule of idem sonans should be limited primarily to the trier of the facts. A trial judge or jury, having heard the pronunciation of the names in question by the parties involved, is in the better position to determine whether or not the names are or can be sounded the same; *Fowler v. State,* 379 S.W.2d 345 (Tex.Cr.App.1964); *Jones v. State,* supra; we will therefore refrain from disturbing on appeal a jury or trial court determination that names in question are idem sonans unless evidence shows that the names are patently incapable of being sounded the same or that the accused was misled to his

prejudice. All decisions in conflict with the rule announced are hereby overruled.[1]

 When the issue of idem sonans arises at trial, if the trial is before the court, it is a question of fact for the trial judge. If, before a jury, a fact issue requiring the application of the rule of idem sonans is raised by the testimony, the court, at the request of the defendant, should instruct the jury to resolve the issue. *Jones v. State,* supra; *Fowler v. State,* supra; *Rodriguez v. State,* 363 S.W.2d 472 (Tex.Cr. App.1963); *Weitzel v. State,* 28 Tex.App. 523, 13 S.W. 864 (1890). Questions involving the rule of idem sonans must be raised in the first instance at trial. If the issue is raised for the first time on appeal, it will be treated as having been waived and will present nothing for review. Again, all decisions in conflict with the rule announced are hereby overruled.

 In the case at bar, although the complainant was asked and did spell her name during the hearing of a pretrial motion on another matter, the appellant first brought the trial court's attention to the variance between "Dina" and "Dianna" in a motion for directed verdict at the conclusion of the trial on guilt or innocence. The trial judge had heard the names pronounced and overruled the motion for directed verdict. Appellant did not request that the question of variance be submitted to the jury. The evidence does not show that the names "Dina" and "Dianna" are patently incapable of being sounded the same, or that the appellant was misled to his prejudice; therefore, we will not disturb the court's ruling.[2]

The judgment is affirmed.

Opinion approved by the Court

ONION, P. J., and ROBERTS, J., dissent.

---

1. Although the rule we have announced is broader, we note that it has often been said that the rule of idem sonans has been much enlarged by modern decisions to conform to the growing rule that a variance in a name, to be material, must be such as to have misled a party to his prejudice. See *Gentry v. State,* 62 Tex.Cr.R. 497, 137 S.W. 696 (1911); *Ciulla v. State,* 115 Tex.Cr.R. 193, 28 S.W.2d 541 (1930); *Brady v. State,* 122 Tex.Cr.R. 279, 55 S.W.2d 104 (1932); *Jones v. State,* 115 Tex.Cr.R. 418, 27 S.W.2d 653 (1930); 40 Tex.Jur.2d, Sec. 21, p. 395.

2. The only case cited by appellant is *Pedrosa v. State,* supra, in which the Court concluded that the names "Seanda" and "Senaida" were not idem sonans. We note that the uncontradicted testimony of an expert witness for the accused was that neither in English nor Spanish were the two names capable of being pronounced so as to sound the same. No such showing was made in the case at bar.