Lamar v. Texas 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-244-CR

Â Â Â Â Â ELVESTA LAMAR,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 20,866-272
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury convicted Elvesta Lamar of aggravated assault, assessed punishment at four years, and
found that she used a deadly weapon to commit the offense. In a single point of error Lamar
contends that the evidence was insufficient to support the verdict. We affirm.
Â Â Â Â Â Â In the indictment, the name of the complainant is spelled "Georgie Alcorn." However, in
direct examination of Ms. Alcorn, she stated that her name is Georgia Alcorn. On cross
examination she testified that she spelled her name G-E-O-R-G-I-A, and that she had never been
know as "Georgie." On re-direct examination Ms. Alcorn stated that, although she did not go by
the name Georgie, she had heard people in her neighborhood call her Georgie. She also testified
that in the dialect of her predominantly black neighborhood Georgia and Georgie are capable of
being pronounced the same way. On re-cross examination, she pronounced the name Georgia and
Georgie for the defense attorney within the hearing of the judge and jury.
Â Â Â Â Â Â Lamar contends that there is a fatal variance between the allegation in the indictment and the
proof at trial. She claims that Georgia and Georgie are patently incapable of being sounded the
same and are, therefore, not idem sonans. 
Â Â Â Â Â Â Pronunciation rather than spelling is the key to resolving the issue of idem sonans. Farris v.
State, 819 S.W.2d 490, 496 (Tex. Crim. App. 1990). A variance between the allegation and
proof of a name will not impugn the validity of a conviction so long as the names sound alike or
the attentive ear finds difficulty distinguishing them when pronounced. Id. Inasmuch as appellate
courts are limited to reading a "cold" record, they are rarely in a position to make a truly informed
determination of whether two names could be or were pronounced to sound the same. Martin v.
State, 541 S.W.2d 605, 607 (Tex. Crim. App. 1976). Therefore, because the jury or trial judge
hears the pronunciation of the names in question by the parties involved, they are in a better
position to determine whether or not the names are or can be sounded the same. Id. Thus, once
a jury or trial court has determined that names are the same, we will only disturb that finding if
the evidence shows that the names are patently incapable of being sounded the same or that the
accused was misled to his prejudice. See id. at 607-08. 
Â Â Â Â Â Â There is evidence that Georgie and Georgia were capable of being sounded alike. Although
Ms. Alcorn never spelled her name Georgie and had not been known as Georgie, she testified that
Georgia and Georgie were capable of being pronounced the same in her dialect. Also, Ms. Alcorn
testified that she had heard people call her Georgie, supporting her testimony that the spelling of
her name, Georgia, could be sounded as Georgie. She pronounced both names for the court and
the jury. Furthermore, Lamar made no claim that she was misled to her prejudice because of the
name spelling. 
Â Â Â Â Â Â We cannot say from this record that both names are patently incapable of being pronounced
the same or that Lamar was misled to her prejudice. Accordingly, we defer to the trial court's
ruling. We overrule her point and affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed March 10, 1993
Do not publish
Â 



pt;mso-no-proof:yes'>DISSENTING Opinion



Â 

Â 








   We
have dealt with the procedural posture of this appeal before.Â  Martinez
v. State, No. 10-03-00128-CR, 2004 Tex. App. LEXIS 2687 (Tex. App.ÂWaco
Mar. 24, 2004, order), reconsideration
granted by, opinion withdrawn by, Martinez
v. State, 2004 Tex. App. LEXIS 4469 (Tex. App. Waco, Apr. 22, 2004,
order).Â Â  Now we turn our attention to
the merits.Â  But should we?

Â Â Â Â Â Â Â Â Â  This
is yet another case in which I would like to know under what circumstances we
are going to use one line of precedent or the other.Â  I have called this problem to the CourtÂs
attention before but the majority refused to address it.Â  See
Warrick v. State, 143 S.W.3d 350,
351-353 (Tex. App.ÂWaco 2004, no pet) (Gray, C.J., dissenting).Â  I believe we have the obligation to clarify
our own authority in this regard.

Â Â Â Â Â Â Â Â Â  Upon
examination of the record in this case, it reveals something that our previous
analysis had not.Â  This is a plea bargain
case.Â  ÂAppellant pleaded guilty to the Â
indictment Â. The only agreement as to punishment was that Appellant would not
be sentenced to more than fifteen years.ÂÂ 
(AppellantÂs brief at pg 7).Â  A
plea in return for a cap on punishment is a plea bargain case.Â  Shankle
v. State, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003).Â  

Â Â Â Â Â Â Â Â Â  The
trial courtÂs certification erroneously states ÂThat the defendantÂs appeal is
not in a plea-bargain case, and the defendant has the right of appeal as to
punishment phase only.ÂÂ  The issues
raised by Martinez are not punishment phase issues.Â  The issues address guilt for the offense
charged and the reason for making the plea.Â 
These issues are raised by Martinez in his response to the Anders brief filed by his counsel.

Â Â Â Â Â Â Â Â Â  So
in this case we have a certification of a right to appeal that is not supported
by an examination of the record.Â  Should
we proceed to examine the merits of the appeal or should we abate the case for
preparation of a certification that properly reflects the events that occurred
at trial?Â  This Court has done both and I
have been unable to discern when we apply which line of authority.

Â Â Â Â Â Â Â Â Â  In
Harris v. State, we held that if the
certification does not reflect the events as they occurred at trial, we should
abate the appeal for the filing of a corrected certification.Â  Harris
v. State, 137 S.W.3d 829, 831 (Tex. App.ÂWaco 2004, order).Â  This holding in Harris overruled our own authority to the contrary and thus
rejected the same holding from at least four other courts of appeals.Â  See
Walker v. State, 110 S.W.3d 509, 510
(Tex. App.ÂWaco 2003, no pet.); see also
Stowe v. State, 124 S.W.3d 228, 232-33 (Tex. App.ÂEl Paso 2003, op. on
mot.) (citing Aguilar v. State, No.
14-03-00346-CR, 2003 Tex. App. LEXIS 3507 (Tex. App.ÂHouston [14th Dist.] Apr. 24, 2003, no pet.) (mem. op.)); Hynson v. State, No. 05-03-00085-CR, 2003 Tex. App. LEXIS 3753 (Tex. App.ÂDallas May 1, 2003, no pet.) (not designated for
publication) (mem. op.); Harris v. State,
No. 01-03-00114-CR, 2003 Tex.
App. LEXIS 3146 (Tex. App.ÂHouston [1st Dist.] Apr. 10, 2003, no pet.) (not designated for publication)
(mem. op.); Smith v. State, No.
11-03-00067-CR, 2003 Tex.
App. LEXIS 2432 (Tex. App.ÂEastland Mar. 20, 2003, no pet.) (not designated for publication).

Â Â Â Â Â Â Â Â Â  But
in Warrick, we started a different
line of authority.Â  Warrick v. State, 143 S.W.3d 350 (Tex. App.ÂWaco 2004, no
pet).Â  The Court in Warrick refused to follow Harris
and have the certification corrected when it stated the defendant has the right
to appeal because it was not a plea bargain case but the record clearly
established that it was a plea bargain case.Â 


Â Â Â Â Â Â Â Â Â  Now
it could be that Harris only applies
if the certification indicates no right to appeal when the record indicates
there is a right to appeal.Â  Or it could
be that Harris applies to all
situations, unless an Anders brief is
filed.Â  But how do I know?Â  How do you know?Â  The Court has refused to reconcile its
holdings, so I can provide no additional guidance other than to point out the
problem.Â  

Â Â Â Â Â Â Â Â Â  If
there is any question where I stand, it is that we made the wrong turn when we
rejected our own precedent and the reasoning of other courts of appeals in
deciding Harris.Â  I would resolve this conflict by holding that
Harris was improperly decided and
that we will take the certification at face value and leave it to the litigants
to use the other available means to correct the certification if it is wrong.

Â Â Â Â Â Â Â Â Â  And
as a final observation, there is a real question of whether we should even
address the issues raised by Martinez in his response.Â  Neither issue actually is addressed to the
result of the punishment phase, and the certification expressly states a right
to appeal as to the punishment phase only.Â 


Â Â Â Â Â Â Â Â Â  Unless
and until the certification is otherwise properly corrected, I would take it at
face value and address only those issues that relate to punishment.Â  As there are no issues that relate to
punishment, I would, therefore, dismiss the appeal.Â  Because the Court addresses issues beyond the
scope of the right to appeal in the certification, I respectfully dissent.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Dissenting opinion
delivered and filed December 8, 2004

Publish

Â