**David Joseph COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–02–527 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Aug. 18, 2003.

Decided Aug. 27, 2003.

Kevin Laine, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Wayln G. Thompson, Assistant Criminal District Attorney, Beaumont, for state.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

A jury found David Joseph Coleman to be guilty of delivery of a controlled substance by actual transfer, and assessed punishment at two years of confinement in the Texas Department of Criminal Justice, State Jail Division, and a $5,000 fine. Coleman raises two issues on appeal. We affirm the judgment for the reasons stated below.

■ Issue one contends that a fatal variance exists between the charging instrument allegation and the proof of the transferee's name at trial. The indictment alleged the transferee's name is "Joseph Rideaux." On voir dire, the witness testified that he spells his name "Redeau." Before the jury, he testified that two of his brothers spell their common surname in the manner that it appears on the indictment, and that name is pronounced the same as "Redeau."

■ "A variance between the allegation and proof of a name will not impugn the validity of a judgment of conviction so long as the names sound alike or the attentive ear finds difficulty distinguishing them when pronounced." *Farris v. State,* 819 S.W.2d 490, 496 (Tex.Crim.App.1990), *overruled on other grounds by Riley v. State,* 889 S.W.2d 290, 298 (Tex.Crim.App. 1993) (opin. on reh'g). Coleman argues that this precedent, the doctrine of *idem sonans,* cannot be applied in this case because the trial court referred to Article 21.07 during the charge conference and witness testified that he is not known by

any other name or spelling.[1] It appears that the trial court mentioned the Code of Criminal Procedure as a means of referring defense counsel to the line of case authority regarding variance between the indictment and the proof at trial for spelling names. Article 21.07 addresses several circumstances, unrelated to spelling variances, where a variance between pleading and proof is immaterial. *See Blankenship v. State*, 785 S.W.2d 158, 159–60 (Tex. Crim.App.1990). But the presence of one of the situations permitted by Article 21.07 is not a prerequisite for application of the doctrine of *idem sonans*.[2] The difference between the actual spelling of the transferee's name and its spelling in the indictment was immaterial because the two are capable of the same pronunciation.

During the trial, defense counsel informed the trial court that the defense had been planning for a different witness, and that they did not learn the actual identity of the transferee until the day before trial. During cross-examination by the defense, the witness testified that two other persons share his name but have different dates of birth. On appeal, Coleman argues that the spelling of the transferee's name on the indictment prejudiced his defense. The cases upon which he relies, *Martin v. State*, 541 S.W.2d 605 (Tex. Crim.App.1976), and *Plessinger v. State*, 536 S.W.2d 380 (Tex.Crim.App.1976), actually express a legal principle that is independent of the doctrine of *idem sonans*. In *Martin*, the court held that no variance existed between proof that the complainant's name is "Dina Jones Sykes" and the indictment's allegation that the complainant's name is "Dianna Lynch Sykes." *Martin*, 541 S.W.2d at 606. The Court of Criminal Appeals held that a "material variance" concerning an alleged middle name is "neither material nor fatal." *Id.* The court then held that the record did not reflect that "Dina" and "Dianna" are incapable of the same pronunciation, and affirmed the conviction by applying the doctrine of *idem sonans*. *Id.* at 608. In *Plessinger*, the indictment alleged that a prior conviction out of Maricopa County, Arizona, was styled "The State of Texas vs. Delbert Lorrain Plessinger, Jr." *Plessinger*, 536 S.W.2d at 381. The court ruled that there was not a fatal variance between pleading and proof because the defendant had not been surprised or mislead. *Id.* Thus, these cases identify situations in which an obvious discrepancy between the pleading and the proof at trial will not be a fatal variance that renders the evidence insufficient to support the conviction. They do not create an exception to the long recognized doctrine of *idem sonans*. In this case, the State proved that the defendant transferred cocaine to a person bearing a name that is pronounced the same way as the name that appears in the appropriate place on the indictment. Issue one is overruled.

■ Issue two contends the "[t]rial court abused its' discretion when it admitted a partial viewing of a video tape in violation of the optional completeness rule." *See* Tex.R. Evid. 107.[3] Coleman

---

1. Article 21.07 provides, in part: "When a person is known by two or more names, it shall be sufficient to state either name." Tex. Code Crim. Proc. Ann. art. 21.07 (Vernon Supp. 2003).

2. For a brief discussion of the distinction between "variance" and other issues in pleading names in an indictment, *see Grant v. State*, 970 S.W.2d 22, 23 (Tex.Crim.App.1998).

3. Tex.R. Evid. 107 states: "When part of an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole on the same subject may be inquired into by the other, and any other act, declaration, writing or recorded statement

claims the trial court "disallowed the Appellant to admit the entire video recording...." Having reviewed the record, however, we conclude that the trial court did not restrict Coleman's inquiry into the subject of videotape recording. The entire exhibit offered by the State was admitted into evidence and published before the jury. One of the State's witnesses testified on voir dire that the law enforcement personnel were videotaping at times in addition to those depicted in State's Exhibit No. 1. When defense counsel objected to the State's exhibit on the grounds that it was "not a complete tape," the trial court informed defense counsel that he could obtain through subpoena any evidence in the possession of the State. Coleman did not offer any additional footage as a defense exhibit. We also observe that the trial court did not restrict the scope of defense counsel's examination of the witness on any matter relating to videotaping. We find no error in the admission of the State's exhibit. As no evidence was offered in evidence by the defense in response to the admission of the State's exhibit, there could be no violation of Rule 107. Issue two is overruled. We affirm the judgment.

AFFIRMED.

which is necessary to make it fully understood or to explain the same may also be given in evidence, as when a letter is read, all letters on the same subject between the same parties may be given. 'Writing or recorded statement' includes depositions."