NO. 07-04-0542-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 24, 2006

_____

PRESTON WOOD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF ARMSTRONG COUNTY;

NO. 1031; HONORABLE HAL MINER, JUDGE

_____

Before REAVIS and HANCOCK, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Preston Wood was convicted of indecency with a child by sexual contact and sentenced to twenty years confinement and a $10,000 fine. Presenting five issues, appellant contends (1) the evidence was legally and (2)

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

factually insufficient to support his conviction, (3) the jury was erroneously charged on the basis of a disjunctive culpable mental state, (4) the court impermissibly commented on the weight of the evidence during punishment, and (5) a fatal variance existed in the indictment with respect to the name of the victim. We affirm.

Appellant was charged with engaging in sexual contact with a 16-year-old female. Appellant had been romantically involved with the victim's mother. On September 2, 1998, appellant visited the victim's mother at her home while she was recovering from a hysterectomy. Although the relationship was no longer romantic, appellant decided to spend the night. The victim's mother slept on the couch while the victim lay next to her on the living room floor. At some point during the night, the victim awoke to appellant rubbing her genitals with his finger over her clothes. The victim rolled over on her stomach and eventually got up and went to the bathroom. A short time later, she returned to the living room and went to sleep in a recliner.

The next morning, appellant woke the victim and asked her if he had "done something" to her during the night. She responded that he had not. Appellant also informed the victim's mother that he "may have done something" to her daughter. Shortly thereafter, appellant left the residence, and the victim told her mother what had happened. The victim's mother confronted appellant later that evening. Appellant admitted to touching the victim but claimed he mistook the victim for her. The victim's mother reported the incident to the Armstrong County Sheriff's Office. The victim was then taken to a children's

advocacy center in Amarillo where she was interviewed.  The following month, appellant visited Armstrong County Sheriff Carmela Jones Smith at her home and confessed he was sorry for touching the victim.  He also explained he thought he was touching the victim's mother.  Appellant was subsequently arrested for indecency with a child.

By his first and second issues, appellant contends the evidence was legally and factually insufficient to support his conviction because there was no evidence presented at trial that he acted (1) with intent to arouse and gratify his sexual desire, and (2) intentionally and knowingly.  We disagree.

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict.  Clewis v. State, 922 S.W.2d 126, 133 ( Tex.Cr.App. 1996).  It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is proved beyond a reasonable doubt that the defendant committed each element of the alleged offense.  U. S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2005); Tex. Pen. Code Ann.  § 2.01 (Vernon 2003).  When conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 ( 1979). We conduct this analysis by considering all the evidence before the jury-whether proper or improper-so that we can make an assessment from the jury's perspective.  Miles v. State,

918 S.W.2d 511, 512 (Tex.Cr.App. 1996). We must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

We next proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. Under this standard, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We must determine after considering all the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004 ). In our review, we do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of the witnesses, as this was the function of the trier of fact. *See* Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App. 1992).

Before we determine whether the evidence was sufficient to support appellant's conviction, we must first review the elements the State was required to prove. Appellant was charged with knowingly and intentionally engaging in sexual contact with the victim, a child under 17 years of age and not his spouse, by touching her genitals with his finger with intent to arouse or gratify his sexual desire. *See* Tex. Pen. Code Ann. § 21.11 (Vernon 2003). The victim testified she awoke to appellant rubbing her vagina over her clothes with his finger. The testimony of a child victim alone is sufficient to support a conviction for

sexual assault. *See* Tex. Code Crim. Proc. Ann. art. 38.07(a)-(b) (Vernon 2005); Tear v. State, 74 S.W.3d 555, 560 (Tex.App.–Dallas 2002, pet. ref'd). The requisite intent to arouse or gratify a person's sexual desire can be inferred from the person's conduct, remarks, or surrounding circumstances. McKenzie v. State, 617 S.W.2d 211, 216 (Tex.Cr.App. 1981). There was also evidence appellant asked the victim about the incident the next morning and admitted to both her mother and Sheriff Smith that he may have touched her inappropriately. Although appellant claimed it was a case of mistaken identity, the jury, as the exclusive judge of the facts and credibility of the witnesses, is free to believe or disbelieve any part of a witness's testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Goodman v. State, 66 S.W.3d 283, 287 (Tex.Cr.App. 2001).

Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant knowingly and intentionally touched the victim with intent to arouse and gratify his sexual desire. We further conclude the evidence is not so weak or so against the overwhelming weight of the evidence as to render the jury's verdict to be clearly wrong and unjust. Appellant's first and second issues are overruled.

By his third issue, appellant contends the trial court erred by charging the jury on the basis of a disjunctive culpable mental state. Specifically, he challenges the fact that the indictment alleges he engaged in sexual contact with the victim "intentionally *and* knowingly" while the jury charge allows a conviction upon finding he acted either

5

"intentionally *or* knowingly." Appellant contends this was error because Ngo v. State, 175 S.W.3d 738 (Tex.Cr.App. 2005), requires that a jury verdict must be unanimous. We disagree.

When reviewing the record for jury charge error, we must first determine whether error actually exists, and second, whether sufficient harm resulted from the error to require reversal. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon Supp. 2005); Hutch v. State, 922 S.W.2d 166, 170 (Tex.Cr.App. 1996). As appellant acknowledges, the practice of indicting a defendant's mental state conjunctively but submitting it to the jury disjunctively has been upheld by Texas courts. *E.g.*, Rogers v. State, 774 S.W.2d 247, 251 (Tex.Cr.App. 1989), *overruled on other grounds by* Peek v. State, 106 S.W.3d 72, 79 (Tex.Cr.App. 2003); Krebsbach v. State, 962 S.W.2d 728, 731 (Tex.App.–Amarillo 1998, pet. ref'd).

In addition, we find appellant's reliance on *Ngo* to be misplaced. In *Ngo*, the indictment alleged three separate criminal acts, but the jury charge permitted a conviction even if the jurors could not unanimously agree as to which one of the acts the defendant committed. *Ngo*, 175 S.W.3d at 741. Affirming the lower court, the Court of Criminal Appeals held that the failure to require a unanimous jury verdict was error which resulted in egregious harm to the defendant. *Id.* at 741-52. Provided the Court did not address conjunctive or disjunctive mental states, we find nothing in this opinion, or subsequent case law for that matter, overruling the Court's holding in *Rogers*. Accordingly, we find no error with respect to the jury charge in the present case. Appellant's third issue is overruled.

6

By his fourth issue, appellant contends the trial court impermissibly commented on the weight of the evidence while reading the jury charge during the punishment phase. After instructing the jury regarding consideration of parole and good conduct time, the trial court stated as follows:

> Let me tell you this. Every time I read this I want to tell the jury, I didn't write that. The legislature wrote that wording exactly from the Code of Criminal Procedure, and I am required to read it.

In order for us to consider appellant's complaint on appeal, the record must show he preserved his complaint by a timely request, objection, or motion and obtained an adverse ruling from the trial court. Tex. R. App. P. 33.1(a); Hull v. State, 67 S.W.3d 215, 217 (Tex.Cr.App. 2002). Here, appellant did not object to the court's remarks or request a mistrial. Nevertheless, appellant suggests the comments should be analyzed under the *Almanza* standard for unpreserved jury charge error. *See* Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App. 1984). However, even assuming it constituted an improper comment on the weight of the evidence, we are not convinced that the trial court's remarks caused egregious harm to appellant such as that contemplated in *Almanza*. *See id.* Appellant's fourth issue is overruled.

Appellant's fifth issue alleges a fatal variance existed between the last name of the victim alleged in the indictment and the last name provided by the victim at trial. The indictment alleges the victim's last name was "Rowell." However at trial, the victim spelled her last name as "Rawell." Appellant contends this variance makes the evidence legally

and factually insufficient to support his conviction as alleged in the indictment. We disagree.

Under the rule of *idem sonans*, a variance between the name alleged in the indictment and that proved at trial is immaterial if the names sound the same or if it is difficult to distinguish between the two names when they are pronounced out loud. Martin v. State, 541 S.W. 2d 605, 608 (Tex.Crim.App. 1976). Provided the variance in the present case consists of a single letter which sounds similar when pronounced, we find this principle applicable here. Furthermore, appellant does not contend that the spelling of the victim's name in the indictment surprised him or failed to provide him notice of the charge against which he was required to defend. Appellant's fifth issue is overruled.

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.