MEMORANDUM OPINION

No. 04- 05-00543-CR

Miguel RAMOS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 290th Judicial District Court, Bexar County, Texas 

Trial Court No. 2005-CR-4857

Honorable Pat Priest , Judge Presiding



Opinion by: Sandee Bryan Marion , Justice

 

Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion , Justice

 Phylis J. Speedlin, Justice

 

Delivered and Filed: June 14, 2006



AFFIRMED



 A jury found defendant, Miguel Ramos, guilty of burglary of a habitation. The judge found the enhancement paragraphs
"true to repeater" and assessed punishment of sixty years' confinement. Defendant complains of his conviction in five issues
on appeal. We affirm. 

 JURY CHARGE

 In his first two issues, defendant claims he was denied his right to a unanimous verdict because the trial court improperly
charged the jury by combining, in one submission, two separate criminal acts in violation of the Texas Constitution and
Article 36.29(a) of the Texas Code of Criminal Procedure. The trial court instructed the jury as follows:

 Now, if you find from the evidence beyond a reasonable doubt that on or about the 20th day of July, 2004, in Bexar
County, Texas, the defendant, Miguel Ramos, did intentionally or knowingly enter a habitation, with the intent to commit
the felony offense of sexual assault, without the effective consent of Jennifer Garcia, the owner;

 Or, if you find from the evidence beyond a reasonable doubt that on or about the 20th day of July, 2004, in Bexar County,
Texas, the defendant, Miguel Ramos, did intentionally or knowingly enter a habitation, and therein committed the felony
offense of aggravated assault, without the effective consent of Jennifer Garcia, the owner of said habitation, then you will
find the defendant guilty of burglary of a habitation as charged in Count I of the indictment.



 A jury verdict in a criminal case is required to be unanimous. Tex. Const. art. V, § 13. A unanimous jury verdict "ensures
that the jury agrees on the factual elements underlying an offense," requiring "more than mere agreement on a violation of a
statute." Francis v. State, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000). However, the requirement that a verdict be
unanimous is not violated when, as here, the jury is instructed on alternate theories of committing the same offense, in
contrast to instructing the jury on two separate offenses involving separate incidents. Martinez v. State, 129 S.W.3d 101,
103 (Tex. Crim. App. 2004). When alternative theories of committing the same offense are submitted to the jury in the
disjunctive, it is appropriate for the jury to return a general verdict if the evidence is sufficient to support a finding under
any of the theories submitted. Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). 

 Here, defendant argues that burglary "with intent" to commit sexual assault and burglary "during the commission and
attempted commission" of aggravated assault are two separate criminal acts, and not alternate theories of committing
burglary. "The gravamen of the offense of burglary clearly remains entry of a building or habitation without the effective
consent of the owner, accompanied by either the [intent to commit a felony, theft, or assault] or the [commission or
attempted commission of a felony, theft, or an assault]." DeVaughn v. State, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988). 
The attempted or completed assault supplants the intent to commit an assault. See id. at 66. In essence, entering with the
intent to commit assault and entering and committing or attempting to commit assault are essentially "mere means of
satisfying a single mensrea element." See Schad v. Arizona, 501 U.S. 624, 637 (1991) (noting that premeditation and
murder in the course of committing a felony are not independent elements of murder, but rather are alternative means of
satisfying a required mental state). Accordingly, the jury charge alleged alternate theories of committing one offense, and
not two separate offenses involving separate incidents. Martinez, 129 S.W.3d at 103. Therefore, the trial court did not err
in submitting this charge to the jury. 

SUFFICIENCY OF THE EVIDENCE AND MATERIAL VARIANCE

 In his last three issues, defendant contends the evidence is legally and factually insufficient to prove that he burglarized a
home belonging to Edna Presley-Garcia as alleged in the indictment. Defendant also claims there was a material variance
between the allegation of ownership of the home as belonging to Edna Presley-Garcia in the indictment and the proof at
trial. We review the sufficiency of the evidence under the appropriate standards of review. See Jackson v. Virginia, 443
U.S. 307, 319 (1979) (legal sufficiency); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) (same); Zuniga v.
State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004) (factual sufficiency);Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996) (same). The standard of review is the same in both direct and circumstantial evidence cases. Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999). 

 Defendant does not complain of the sufficiency of the evidence apart from the name variation. In the indictment, the owner
of the burglarized residence was listed as Edna Presley-Garcia. At trial, the owner identified herself as Edna Catherine
Garcia. The home owner's name was further corroborated by Officer Joseph Piotowski who testified that when he arrived at
the scene of the burglary, the first person he talked to was Edna Presley-Garcia. Defendant complains the variation of either
Presley or Catherine in Ms. Garcia's name constitutes a material variance. However, a middle name may be disregarded, and
thus a variance between the indictment and the proof of the middle name is neither material nor fatal. Smith v. State, 721
S.W.2d 844, 852 (Tex. Crim. App. 1986); Martin v. State, 541 S.W.2d 605, 606 (Tex. Crim. App. 1976). Further, for a
variance to be material, it must mislead a defendant to his prejudice. Plessinger v. State, 536 S.W.2d 380, 381 (Tex. Crim.
App. 1976). Here, there is no evidence that defendant was surprised or prejudiced by the variance. Therefore, we conclude
the discrepancy between the indictment and the proof at trial is not a material variance that renders the evidence insufficient. 
 

CONCLUSION

 We overrule defendant's issues on appeal and affirm the trial court's judgment.



 Sandee Bryan Marion, Justice

DO NOT PUBLISH